HENRY DOHLE, PLAINTIFF IN ERROR, V. THE OMAHA FOUNDRY AND MACHINE COMPANY, DEFENDANT IN ERROR.

An action to foreclose a mechanic's lien is essentially a suit in equity, and a party is not as a matter of right entitled to a jury trial therein.

ERROR to the district court for Douglas county.    Tried below before WAKELEY. J.

*George W. Doane,* for plaintiff in error.

*T. W. T. Richards* and *H. D. Estabrook,* for defendant in error.

MAXWELL, J.

This action was brought by the Omaha Foundry and Machine Co. against Henry Dohle to foreclose a mechanic's lien.    Dohle filed an answer to the petition wherein he denied the facts stated therein, except as otherwise admitted; and second, set up a counter-claim for losses sustained by him by reason of the delay in furnishing the material. On the trial of the cause Dohle demanded a jury, which the court refused.    He then withdrew his counter-claim, and the court rendered judgment against him for the sum $902.16, and ordered the premises to which the lien attached to be sold.    He appeals to this court.

The first error assigned is the refusal of the court to call a jury to try the issues in the case. As the counter-claim was withdrawn after the jury was demanded, and no demand for a jury to try the remaining issues, we might consider the objection waived. We will however determine the question.

In a purely legal action a party may demand a jury as a matter of right. *Lamaster v. Scofield*, 5 Neb., 148. *Mills v. Miller*, 3 Id., 94.

Sec. 280 of the code provides that issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived. But an action to foreclose a mechanic's lien is essentially equitable in its nature. It is a proceeding to subject the property on which the lien exists to the satisfaction of the debt. No general execution issues in the case but an order to sell the premises described in the petition. It is an action in equity. The question here involved was before the supreme court of Minnesota in *Sumner v. Jones*, 7 N. W. R., 265, and it was held that in an action to foreclose a mechanic's lien the plaintiffs were not as a matter of right entitled to a jury trial. No cases have been cited to the contrary. The court did not err, therefore, in refusing a jury trial.

The second objection is for allowing interest from March 1st, 1881; but inasmuch as the testimony is not preserved in the record we are unable to determine whether the court erred in allowing the same or not. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.