FIRST NATIONAL BANK OF DORCHESTER v. BENJAMIN A. SMITH.

FILED FEBRUARY 6, 1894. No. 4924.

Judgment for Too Small an Amount: EVIDENCE: REVIEW.
Where, on the review of a judgment of the district court in an action at law, the uncontradicted evidence shows that the plaintiff in error should have recovered a larger sum, this court will reverse the cause.

REHEARING of case reported in 36 Neb., 199.

*F. I. Foss*, for plaintiff in error.

*Abbott & Abbott,* contra.

NORVAL, C. J.

This was an action brought against a national bank, under the provisions of section 5198 of the Revised Statutes of the United States, to recover the penalty for taking usurious interest. At the January term, 1893, of this court an opinion was filed in the case affirming the judgment of the district court. (36 Neb., 199.) Subsequently, a rehearing was granted on the petition of Smith, and the cause was again submitted for our consideration.

In the former opinion it was held that an action like this must be brought within two years from the payment of the usurious interest; that each payment of excessive interest is regarded as a "transaction," within the meaning of that term as used in the section of the statute above mentioned, and that the two years' limitation begins to run as to each payment of unlawful interest from the date the same was made. The soundness of the rule there stated is not now questioned by either party, but the plaintiff below, Smith, insists that on the former hearing we misconceived the facts; in other words, that he should have recovered a larger sum than was given him by the judgment of the lower court. After a careful perusal of the bill of exceptions we are convinced his contention is well founded, and that the writer overlooked some of the payments of interest. The record shows without contradiction that the following payments of usurious interest were made within the two years immediately preceding the institution of the suit in the court below, to-wit: May 27, 1887, $19.80; June 6, 1887, $20.12; August 15, 1887, $10.11; March 3, 1888, $13.27; December 29, 1888, $9.83; February 9, 1889, $69.20,—making a total of $142.33 of excessive or unlawful interest paid by Smith to the bank within the two years' limitation. The judgment, therefore, should have been for double that sum, or $284.66, instead of $207.72.

The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.