JOHN H. YAGER v. EXCHANGE NATIONAL BANK OF
HASTINGS.

FILED SEPTEMBER 22, 1897.    No. 7434.

52 321
56 33
57 311

52 321
59 342

1. **Jury Trial**: EXISTENCE OF RIGHT. Whether or not a right to trial by jury exists must be determined from the object of the action as determined by the averments of the petition, and in case of ambiguity by resort to the prayer.

2. ——: ——: EQUITY. If the action is in its nature one triable by jury, the right to such trial will not be defeated because, in order to accomplish the main object of the action, it becomes necessary to determine issues as to the existence of equitable rights.

3. ——: DEEDS: MORTGAGES: PROCEEDS OF SALE. A petition alleged that the plaintiff had executed to the defendant a deed absolute in form, but in fact a mortgage; that the defendant had sold the land, receiving more than sufficient to pay the debt. The prayer was for judgment for that surplus. *Held*, That the plaintiff was entitled to a jury trial.

ERROR from the district court of Adams county. Tried below before BEALL, J. *Reversed.*

The opinion contains a statement of the case.

*Capps & Stevens*, for plaintiff in error:

The court erred in making the order of reference and in denying plaintiff the right to a trial by jury. (Constitution, art. 1, sec. 6; *Mills v. Miller*, 3 Neb., 94; *Lamaster v. Scofield*, 5 Neb., 154; *Kinkade v. Hiatt*, 24 Neb., 562; *Cornell v. Illuminating Co.*, 16 N. Y. Sup., 306; *Andrus v. Home Fire Ins. Co.*, 41 N. W. Rep. [Wis.], 956; *Welsh v. Darragh*, 52 N. Y., 590; *Ludlow v. American Nat. Bank*, 59 Barb. [N. Y.], 509; *Averill Coal Co. v. Verner*, 22 O. St., 372; *McMartin v. Binghan*, 27 Ia., 234; *Town Lot Co. v. Walker*, 50 Ia., 376; *Rowell v. Giles*, 53 How. Pr. [N. Y.], 244; *Van Rensselaer v. Jewett*, 6 Hill [N. Y.], 373; *Mullin v. Kelly*, 3 How. Pr. [N. Y.], 12; *Wickham v. Frazee*, 13 Hun [N. Y.], 431; *Read v. Lozin*, 31 Hun [N. Y.], 286; *McDon-*

*nell v. Stevens*, 9 Hun [N. Y.], 28; *Morrison v. Horrocks*, 40 Hun [N. Y.], 428; *Grim v. Norris*, 19 Cal., 140; *Smith v. Pollock*, 2 Cal., 93; *Levy v. Brooklyn Fire Ins. Co.*, 25 Wend. [N. Y.], 687.)

*Tibbets, Morey & Ferris, contra:*

The prayer of the petition does not control in determining what relief shall be given, nor whether the parties are entitled to a jury trial. (*Bell v. Merrifield*, 4 Am. St. Rep. [N. Y.], 436.)

The right to have equity cases dealt with by equitable methods is as sacred as the right of trial by jury. (*Brown v. Buck*, 13 Am. St. Rep. [Mich.], 438.)

A deed absolute in form, if given as security for a debt, can be declared a mortgage only in a court of equity. (*Schade v. Bessinger*, 3 Neb., 140; *Stinchfield v. Milliken*, 71 Me., 567; *Hogel v. Lindell*, 10 Mo., 483; *Foley v. Kirk*, 33 N. J. Eq., 170; *Bragg v. Massie*, 38 Ala., 89; *Artz v. Grove*, 21 Md., 456; *Murphy v. Calley*, 1 Allen [Mass.], 107; *Russell's Appeal*, 15 Pa. St., 322; *Vanderhaise v. Hugues*, 2 Beas. [N. J. Eq.], 244; *Hovey v. Holcomb*, 11 Ill., 660; *Finlon v. Clark*, 118 Ill., 32.)

In an action at law, parol evidence is not admissible to show that an absolute deed was intended as a mortgage and is only admissible in equity. (*Moore v. Wade*, 8 Kan., 381; *McClane v. White*, 5 Minn., 178; *Webb v. Rice*, 6 Hill [N. Y.], 219; *Stevens v. Cooper*, 1 Johns. Ch. [N. Y.], 424; *Bragg v. Massie*, 38 Ala., 89, 79 Am. Dec., 82; *Gee v. Thrailkill*, 25 Pac. Rep. [Kan.], 588.)

Plaintiff having pleaded a trust in his petition is confined to a court of equity. (*Lake v. Freer*, 11 Ill. App., 576; *Carter v. Gibson*, 29 Neb., 324; *McCartney v. Bostwick*, 32 N. Y., 53; *Norton v. Hixon*, 25 Ill., 439; *Coates v. Woodworth*, 13 Ill., 654.)

Irvine, C.

The petition of Yager against the Exchange National Bank alleged that on June 18, 1890, plaintiff was indebted

to the bank in the sum of $900, and on that day executed to Yeazel, then cashier of the bank, a note for $2,000 secured by mortgage on certain land; that the object of the transaction was to secure the bank the indebtedness then existing and for future advances; that certain money was afterwards advanced. . Thereafter Yeazel died and Lane became the cashier of the bank; that on the 2d day of September, 1891, a different arrangement was made whereby plaintiff executed and delivered to Lane a deed to the land, absolute in form, under the agreement that the bank should hold the land subject to plaintiff's disposition, and when the plaintiff should find a purchaser it would convey the property, receive the purchase money, apply the same to the discharge of an existing senior mortgage, to the indebtedness due the bank, and pay the surplus to the plaintiff; that this was the sole object of the conveyance; that November 28, 1892, the defendant sold the premises for $7,200. The petition also alleged the amount of the indebtedness of plaintiff to defendant, and charged that the bank received, over and above incumbrances and this indebtedness, $2,689, and that it had received rents for the land amounting to $600. The prayer was for a judgment against the bank for $3,389 with interest. The answer amounted in brief to a denial of the averments whereby plaintiff claimed that the conveyance was in effect a mortgage to the bank, and pleaded that it was a sale absolute to Lane, who in consideration thereof agreed to discharge the indebtedness, and in that behalf pleaded the execution by Lane to plaintiff of a written agreement to hold plaintiff harmless from the indebtedness. The reply, among other things, pleaded, or attempted to plead, fraud in procuring the plaintiff to accept a delivery of the last mentioned instrument. The court, on the motion of the defendant and against the objection of the plaintiff, referred the case to a referee to take the testimony and report on the law and the facts. The plaintiff excepted to this order. The referee reported in favor of the de-

fendant. The report was confirmed and the case dismissed. The plaintiff brings this judgment here for review by petition in error, assigning, among other things, as error, the order referring the case, and contending that the case was one in which the plaintiff was entitled to a trial by jury. We think this assignment is well taken.

The constitutional provision is that "the right to trial by jury shall remain inviolate." (Constitution, art. 1, sec. 6.) The Code provides that "issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury unless a jury trial is waived or a reference be ordered as hereinafter provided." (Code, sec. 280.) Of course where the constitutional right to a trial by jury exists the cause cannot be referred in the absence of a waiver of that right. The effect of the constitutional provision has been frequently considered. It has been said that the guaranty is of the right to a jury trial as such right existed when the constitution was adopted. (*Sharmer v. McIntosh,* 43 Neb., 509.) So it has been held that where a defendant in possession insists upon the right, an action to determine the legal title to real estate cannot be tried without a jury, in spite of the statute on that subject. (Compiled Statutes, ch. 73, sec. 57.) The reason is that in such case the proceeding is in its nature one in ejectment for the recovery of specific real property, and both the constitution and the statute entitle a party to a jury trial. Whether or not an accurate test of the existence of the right can be found by ascertaining whether under the former procedure the action would be one at law or one in equity, may be open to some doubt. Nevertheless, unless in exceptional cases, the test suggested is certainly sufficient, and in most of the cases in this court this has been recognized as the true test. (*Mills v. Miller,* 3 Neb., 87; *Lamaster v. Scofield,* 5 Neb., 148; *Roggencamp v. Converse,* 15 Neb., 105; *Dohle v. Omaha Foundry & M. Co.,* 15 Neb., 436; *Kinkaid v. Hiatt,* 24 Neb., 562; *Sharmer v. McIntosh, supra.*)

It is clear that if this action under the old procedure

would have been at law, it would be in the form of assumpsit for money had and received, so that it would fall within the general rule and the foregoing cases would be applicable. Was it such an action? The prayer is simply for a money judgment and this would stamp it as an action at law. It is contended, and we think correctly, that the nature of the action cannot be determined alone from the prayer of the petition. On the contrary, it must be determined, as a rule, from the substance of the petition itself. One must see what sort of a case the plaintiff makes by his averments, and from that ascertain what would be the nature of the case and the relief required under the former procedure. But this court has already held that when this question arises, if the substance of the petition be ambiguous, presenting facts sufficient whereon to base either a legal or equitable claim, the prayer may be resorted to to determine the true character of the action. (*Harral v. Gray*, 10 Neb., 186).

The defendant contends that, in order to obtain the relief prayed, it is necessary in the first place to declare a deed absolute in form a mortgage; secondly, to establish a trust relation between the parties; and thirdly, to compel the trustee to account, and that these are matters that were determinable in a court of equity. It is true that in order to establish the plaintiff's right to the money it is necessary for him to show that a deed absolute in form was a mortgage; but the determination of this issue is only incidental to the main object of the action, which is the recovery of money. No decree declaring the trust is required, nor is it sought to establish any equitable interest in the land. It is merely necessary to prove these facts in order to accomplish another object. It is quite well established that assumpsit for money had and received will lie in favor of one entitled to a surplus as against a mortgagee who has disposed of the property. (*Ballinger v. Bourland*, 87 Ill., 513; *Cope v. Wheeler*, 41 N. Y., 303; *Webster v. Singley*, 53 Ala., 208; *Cook v. Basley*, 123 Mass., 396.) It was held otherwise in *Chaffee v.*

*Franklin*, 11 R. I., 578, but that was a case where the land had been sold after the death of the mortgagor. His administrator brought the action. It was held that under such circumstances the surplus moneys should be treated as real estate descending to the heirs and not vesting in the administrator, and the estates of the various heirs being complicated a resort to equity was necessary under the facts of the case to determine their interests. The necessity of proceeding in equity therefore did not arise from the general character of the action but from the peculiar facts of the case. Nevertheless, under a similar state of facts it is held in Massachusetts that assumpsit will lie by the administrator. (*Varnum v. Meserve*, 8 Allen, 158.) It will be said, conceding assumpsit lies in case of a mortgage which is so on its face, the case is different where it is a deed absolute in form, because in that case a resort to equity is necessary to establish the oral defeasance. A sufficient answer to this is that under the old procedure a mortgagor after condition broken had in all cases to resort to equity for relief, as much so when the defeasance was expressed as when the mortgage was a so-called "equitable mortgage." But beyond this consideration it is evident that the argument is unsound. All actions on implied assumpsits, especially perhaps that for money had and received, are to a certain extent equitable in character though not in form. By that we mean that through this form of action rights equitable in their nature could be enforced at law, and the action lay, although in order to establish the plaintiff's case it was necessary to trace his rights through facts ordinarily of equitable cognizance. (*Thompson v. Thompson*, 5 W. Va., 190.)

It has been held in this state that under the general issue in ejectment the defendant may prove any fact which defeats the plaintiff's right of possession; as, for instance, that a deed in plaintiff's chain of title was procured by fraud. It is not necessary to resort by crosspetition to a proceeding to set aside the deed. (*Franklin*

*v. Kelly*, 2 Neb., 79; *Staley v. Housel*, 35 Neb., 160; *Wanser v. Lucas*, 44 Neb., 759, and similarly in replevin, *Phœnix Iron Works Co. v. McEvony*, 47 Neb., 228.) Suppose, then, that the property had not been sold and the plaintiff had remained in possession and Lane had brought ejectment. There could be no doubt that as a defense to that purely legal action the plaintiff might have shown that the deed was in fact a mortgage, and so it was held in *Locke v. Moulton*, 108 Cal., 49; and this in order to determine the right of the parties to a jury trial. We think it is therefore clear that the right to a jury trial must be determined from the object of the action and not by inquiry as to whether it is necessary by proof to establish equitable rights.

We are very clearly of the opinion that the case before us was in its nature one for money had and received; that the plaintiff was entitled to a jury trial, and that the court erred in referring the case. This being true, the report of the referee must be set aside and it becomes unnecessary to consider any of the questions arising from a consideration of that report.

REVERSED AND REMANDED.

HARRISON, J., not sitting.