## Lulu Boyce v. C. S. Allen, Appellant.

105  249
116  502
105  249
123  498

**Instructions Construed.** An instruction that defendant was to be allowed credit only for the debt due to him from plaintiff, and for attachment claims of other persons against plaintiff paid by defendant, is not ground for reversal although he paid another debt of plaintiff, where the jury were told in another instruction to allow defendant credit for all money paid by him in accordance with the agreement between him and plaintiff, and there is a dispute as to whether he was authorized to pay anything except attachment claims.

**Transfer to Equity.** Plaintiff sued for the price of certain real and personal property conveyed by warranty deed and bill of sale, and alleged that the instruments, though absolute in form, were given only as security, but did not allege fraud or mistake, nor ask to set aside or reform them, nor for the establishment of any trust in the property conveyed, or the proceeds thereof, nor any equitable relief whatever, but asked for the difference between what defendant agreed to pay for the property and the credits he was entitled to. The defendant admitted the execution of the instruments, denied the other allegations, and pleaded payment and settlement. *Held*, the issue thus made was one of law, and the court properly refused to transfer it to equity for trial.

**Appeal:** CURING ERROR. Error in admitting evidence is cured by withdrawing it from the jury, by instructions.

*Appeal from Humboldt District Court.*—HON. LOT THOMAS, Judge.

SATURDAY, APRIL 9, 1898.

PLAINTIFF'S amended and substituted petition is it six counts, which, with the answers thereto, are, in substance, as follows: In the first she alleges: That on January 5, 1892, she was the owner of the west one-half of section 2–93–34, Pocahontas county, Iowa. That she and her husband, J. M. Boyce, were each indebted to the defendant, and that deefndant had commenced an action thereon against them, aided by attachment, for the sum of seven hundred dollars. That, in addition thereto, attachment suits had been commenced against plaintiff and her husband by L. J. Larson for one hundred and sixteen dollars, G. T. & S. D. Johnson for one hundred and seventy dollars, and by Sniggs Bros. & Lumblad for eighty-six dollars and fifty-four cents. That on said day defendant, being desirous of getting security for his claim, orally agreed with plaintiff to take up the indebtedness to said other attaching creditors, and hold the same until the plaintiff was able to sell her land, and repay the same, upon condition that plaintiff should convey said land to defendant as security for his claim and said other claims. That said conveyance, while in form a deed, was a mortgage, only, for the purposes aforesaid, and that the plaintiff reserved the right to redeem the said land by payment, or by the sale of the land by herself or agent, and the payment of said indebtedness. That defendant, being a land agent, had promised to sell the land, as agent for plaintiff, for a commission of one dollar per acre,

in case she or her husband did not sell the same. That defendant did sell said land for the plaintiff for the sum of twenty-one dollars and fifty cents per acre, but refuses to pay the proceeds of said sale in excess of said claims, wherefore there is due to plaintiff about the sum of two thousand dollars, with interest from date of sale. Answering this first count, defendant admits that the land stood in plaintiff's name, and that the same was conveyed to him by her and her husband. He denies every other allegation in said count, and, as further defense, states, in substance, as follows: That said conveyance was made for the agreed consideration of five thousand, two hundred and eighty-six dollars, a part of which was a mortgage of three thousand, five hundred dollars, then standing against said land. That the indebtedness of plaintiff and her husband was largely in excess of the difference between said agreed consideration and mortgage, and that it was agreed that said balance, to-wit, one thousand, seven hundred and eighty-six dollars should be paid by defendants taking up and canceling the indebtedness of John M. Boyce to that amount, and that such indebtedness has been taken up and canceled by defendant. As further defense, he alleges that prior to the commencement of this suit all matters growing out of said sale of said real estate were settled in full between the parties. In the second count of her petition the plaintiff restates the matters set up in the first, and alleges that, as a part of said agreement and transaction, and for the same purpose, her husband made to defendant a bill of sale on certain personal property described, absolute in form, but intended only as security for said debts, which personal property was of the value of one thousand, one hundred dollars. That defendant was either to sell said property, and apply the porceeds on said debt, or to account for the value of any that he did not

sell. That defendant sold or converted said property to his own use, and that there remains in his hands from the amount derived from the sale of said real estate and from said personal property, over and above the amount of said indebtedness, the sum of four thousand dollars, which defendant refuses to pay; and that John M. Boyce assigned his interest therein to the plaintiff. Defendant, in answer to said second count, admits the conveyance of the land, and the execution to him of the bill of sale, and denies every other allegation in said count. He re-affirms the allegations of his answer to the first count as to the real estate transaction, and as to the bill of sale alleges, in substance, as follows: That as to all of said personal property except the hay John M. Boyce was to be allowed the price to be fixed by himself, defendant, and one Willey, and for the hay the amount that would be realized from a sale thereof; and that the value so fixed and amount so realized were to be applied on account of said indebtedness, and that the amount of said debts far exceeded the sum to be thus accounted for. In her third count plaintiff restates the allegations of the second as to said bill of sale, and avers that defendant has sold a portion of said property, and converted the balance to his own use; that, after satisfying said debts, there remains in his hands property to the amount of the value of several hundred dollars, for which he refuses to account; and that John M. Boyce has assigned his interest therein to the plaintiff. In answer to the third count, defendant admits the execution of the bill of sale, and denies every other allegation in the count. He re-affirms the matters alleged in answer to the second count as to the bill of sale and indebtedness, and alleges that prior to the commencement of this suit all matters growing out of said bill of sale were fully settled between the parties. In the fifth count of her

petition, plaintiff restates the matters alleged in the first with respect to the conveyance of said real estate, and further alleges that defendant sold said land for twenty-one dollars and fifty cents per acre; that there is coming to plaintiff on account of said sale of the land the sum of about two thousand dollars after payment of all the claims for which the land was pledged; that defendant refuses to pay the same,— wherefore plaintiff asks to recover two thousand dollars. To this count the defendant makes answer the same as to the first count. In the sixth count plaintiff alleges that defendant, as her agent, rented said land for about five hundred dollars, and that he has collected said rent, and refuses to pay the same to plaintiff; wherefore she asks to recover five hundred dollars. To this count defendant answers, denying each and every allegation contained therein. In the fourth count of her petition, plaintiff states a cause of action in the ordinary form for damages on the attachment bond given by defendant in his action against the plaintiff and John M. Boyce, and alleges that John M. Boyce has assigned his interest in said claim to the plaintiff; wherefore she asks to recover one thousand, five hundred dollars actual and exemplary damages. Defendant, in answer, admits the issue of the attachment, the filing of the bond, and that no damages have been paid, and denies every other allegation in said count. He alleges as further defense that he had reasonable cause to believe the grounds alleged for the attachment to be true, that he acted upon the advice of counsel, that plaintiff and her husband acquiesced in and submitted to said attachment, and that all matters arising thereunder were fully settled, and the attachment dissolved. In conclusion of her petition, plaintiff demands judgment against said defendant in the sum of six thousand dollars and costs of this action.

Issues being thus joined, defendant moved to transfer the issues raised by the first, second, and fifth counts of the amended and substituted petition to equity for trial, which motion was overruled, and on the ninth day of April, 1895, the case was tried to a jury. A verdict was returned in favor of the plaintiff for two thousand, two hundred and seventeen dollars and eighty-seven cents, together with certain special findings. Defendant's motion for new trial being overruled, judgment was entered upon the verdict. Defendant appeals.— *Affirmed.*

*Frank Farrell, T. D. Healy* and *R. M. Wright* for appellant.

*S. H. Kerr, W. S. Kenyon* and *J. A. O. Yeoman* for appellee.

GIVEN, J.—I.  The following facts are conceded, or so established as not to be controverted:  On January 5, 1892, the plaintiff was the owner of said land, and on that day she and her husband conveyed the same to the defendant by an instrument purporting to be a warranty deed.   At that time John M. Boyce was the owner of the personal prperty described in the petition, and on said day he executed to the defendant a bill of sale thereof for the consideration of four hundred dollars, which bill of sale purported to be an absolute conveyance.  At and prior to said date plaintiff and her husband were indebted to the defendant, and Mr. Boyce was also indebted to L. J. Larson, G. T. & S. D. Johnson, to Sniggs Bros. & Lumblad, and, prior to said fifth day of January, 1892, each of these creditors had commenced actions and sued out attachments on their claims, and caused the

same to be levied upon said land and personal property. John M. Boyce was also indebted to the McCormick Harvester Machine Company, upon which an attachment was sued out, and levied on his property about, or a little before, said conveyances were filed for record. The defendant assumed or satisfied the mortgage standing against the land, and also assumed or satisfied the claims of said several attaching creditors, and entered satisfaction of his own claim. There is no question but that John M. Boyce assigned his interest in these several claims to the plaintiff before the commencement of this action.

II. Appellant's first complaint is of the overruling of his motion to transfer the issues joined on the first, second, and fifth counts of the petition to equity for trial. This complaint is grounded upon the claim that plaintiff cannot have the relief asked in these counts until the deed and bill of sale are reformed so as to make them conditional, instead of absolute, conveyances, and that equity alone can grant such reformation. It is true that the plaintiff alleges that, although absolute in form, these conveyances were given only as security; but she does not allege that there was either fraud or mistake in their execution. They were made just as intended. Plaintiff does not ask to set aside or reform these instruments, nor does she ask for the establishment of any trust or lien upon the property conveyed, or the proceeds thereof. She asks for no equitable relief whatever, but simply that the defendant be charged with the considerations which he agreed to pay for said properties, and credited with the amount due to himself, and the amounts paid by him to the other attaching creditors, and that plaintiff have judgment for the balance. To entitle the plaintiff to recover, it is only necessary to find the actual consideration which

defendant was to pay for these properties, and to credit him with what he has paid in accordance with the agreement of the parties. The bill of sale recites a consideration of four hundred dollars, yet, as we have seen, each party alleges a different consideration. Appellant cites *Carey v. Gunnison*, 65 Iowa, 702,—an action to recover for a breach of contract, in which defendant answered, setting up fraud and mutual mistake in the execution of the contract as a defense, but without asking for any affirmative relief. It was held that the legal effect of this answer was to show that there was no contract, and that the issue so raised was not an equitable one. While this case is not directly in point, we think it tends to sustain the ruling of the court below. *Price v. Insurance Co.*, 80 Iowa, 408, is also cited. It is said in that case: "The only demand for judgment appears in the petition, and is for the amount of the policy and costs. The plaintiff might have so drawn his pleadings as to demand the cancellation of the alleged deed of conveyance and the setting aside of the alleged settlement, but he did not do so. That the pleadings set out facts which, if true, would| entitle plaintiff to equitable relief, is immaterial, so long as such relief is not demanded. An issue is not equitable, within the meaning of the section quoted, so long as the relief asked or the defense interposed is not equitable. In *McMillan v. Bissell*, 63 Mich. 70 (29 N. W. Rep. 739), it is said: "The agreement for the defeasance, whether written or unwritten, is no more than one of the conditions upon which the deed was given, and therefore constitutes a part of the consideration for the conveyance; and I have never been able to discover why it was not competent to show it by parol in any case, either in law or in equity, where it was competent to show the actual consideration for the conveyances." See, also, *McAnnulty v. Seick*, 59 Iowa,

586; *Miller v. Kendig,* 55 Iowa, 174; *Yager v. Bank,* (—, Neb. —) (72 N. W. Rep. 211). There was no error in overruling the motion to transfer to equity.

III.   Following this first contention, appellant's counsel present, under six different heads, various claims based upon the evidence, and which may be summed up as presenting the inquiry whether the verdict is in accordance with the instructions and evidence.   We will not follow the lengthy, yet able, discussion of the evidence, as to do so would extend this opinion to an unwarranted length, and serve no good purpose.   It is sufficient to say that we have read the evidence and instructions with care, and are of the opinion that the verdict is in harmony with the instructions, and that it has such support in the evidence as that, under familiar rules, we would not be warranted in disturbing it.   We may say, in this connection, that we have considered the various exceptions to rulings of the court in taking testimony, and do not find any errors therein, prejudicial to the appellant except in admitting a certain conversation between one Willey and the plaintiff and her husband.   This error, however, was cured in the instructions by withdrawing said evidence from the consideration of the jury, because it had not been made to appear that Willey had authority to bind the defendant.

IV.   Appellant's next contention is that the court erred in instructions 11, 16, and 21 in limiting the credits to be allowed defendant to his own and the attachment claims, thus excluding the claim of one Bunton.   Mr. Bunton, being called, as to the value of the land, testified that he had been in the lumber business in 1892; that he had a mechanic's lien on Boyce's land for three hundred and eight dollars and twelve cents; that he was familiar with the amount of lumber that had been put on the place; and says,

"I think he got all the lumber from me." In defendant's statement of the account he credits himself: "C H. Bunton vs. Boyce, $308.39; interest $.25; taxes, 1891, $76.05." Instruction 11 states the undisputed facts substantially as we have stated them, and without any direction as to what should or should not be allowed in the way of credits to the defendant. Instruction 16 directs the jury that the defendant was authorized to discharge the indebtedness to him, "and also the several amounts due or owing on the claims in the several attachment suits, including the costs in said actions." That defendant was entitled to these credits, there is no dispute. Plaintiff conceded that he was to pay these attachment claims, while defendant contends that he was to pay these and other indebtedness to the amount received by him. In the nineteenth instruction the jury was told that it was to allow the defendant credit as against the amount received from the real estate for "all moneys, disbursements, and advancements which you find the defendant made as agreed by him to be made as to the consideration for the conveyance." If the jury found the agreement to be as claimed by the plaintiff, it was only the attachment claims that were to be allowed, but if as claimed by the defendant, then, under this instruction, they were to allow him for all claims paid as agreed to be paid, which would include the Bunton claim. This instruction 19 is identical, in the language quoted, with one asked by the appellant. Now, it is true that in the twenty-first instruction the attachment claims are referred to, and no mention made of the Bunton claim; but, in view of said nineteenth instruction, we think the jury must have understood that it might allow the Bunton claim unless they found that the agreement was as to the attachment claims only.

V. The jury found specially that the attachment was wrongfully, but not maliciously, sued out, and allowed plaintiff one hundred dollars actual damages, and no exemplary damages. Appellant contends that the finding that the attachment was wrongfully sued out, and that plaintiff is entitled to one hundred dollars actual damages, is not supported by the evidence. We think the findings are fully warranted by the evidence, and the same is true as to the alleged settlement. What we have said disposes of all the material questions discussed, and leads to the conclusion that the judgment of the district court is correct, and it is therefore AFFIRMED.