JOHN H. YAGER V. EXCHANGE NATIONAL BANK OF HASTINGS.

FILED JANUARY 5, 1899. NO. 10393.

Verdict Insufficient in Amount: DEED TO LAND AS SECURITY: SALE BY GRANTEE: ACCOUNTING. Under the pleadings and evidence the plaintiff, for whom there was a verdict, was entitled to recover, if at all, a greater sum than was awarded him.

ERROR from the district court of Adams county. Tried below before BEALL, J. *Reversed.*

*Capps & Stevens,* for plaintiff in error.

*Tibbets Bros., Morey & Ferris, contra.*

HARRISON, C. J.

There was asserted in the pleading for the plaintiff in this action, and it was one of the issues for trial, that a deed of real estate which had been by him executed and delivered to an officer of the defendant bank was in effect a mortgage, and to secure the payment of an indebtedness due the bank. It was also asserted that in the transaction certain moneys had been received by the bank which should have been accounted for, and paid to plaintiff, and of the performance of such duty there had been a neglect and refusal. In the answer of the bank it was asserted that the conveyance of the real estate was a deed absolute, and to the grantee named therein, and without reference to the bank or its rights, except that the grantee named in the deed was to dispose of the land and pay certain of the indebtedness of the grantor to said bank; that this was to be done was pleaded as embodied in a written agreement in relation to the transfer of the real estate which it was stated was of existence between the, at least nominal, parties thereto. It was stated in the reply that the recognition of this agreement by the plaintiff, if any, was procured or induced by fraud.

This is the second appearance of the case in this court, and in the opinion rendered at the former hearing appears a somewhat more extended statement of the matters in litigation.    To this statement we refer for further particulars.    For opinion see *Yager v. Exchange Nat. Bank of Hastings*, 52 Neb. 321.    At the former appearance of the cause in this court it was complained that the issues were of such nature that a jury trial could be demanded as a matter of right, and that it had been denied in the district court.    It was determined that the contention was right, and the judgment was reversed and the cause remanded.    When again pending in the district court there was a trial before a jury, which returned a verdict for the plaintiff, allowed him the sum of one dollar, and in accordance with the verdict he was given judgment for the amount named.

In this error proceeding the plaintiff contends that the verdict was insufficient in amount and within no view of the evidence, and supported thereby, could there be a verdict in his favor, and yet for no greater sum than one dollar.    In a case such as this, when the amount of recovery awarded by the verdict is too small, it may call for a reversal of the judgment.    (Code of Civil Procedure, sec. 314; *McDonald v. Aufdengarten*, 41 Neb. 40; *Ellsworth v. City of Fairbury*, 41 Neb. 881; *First Nat. Bank of Dorchester v. Smith*, 39 Neb. 90.)

Elemental of a verdict for the plaintiff in this action was a determination that the transaction from which the action originated was one of security to the bank for the payment to it of the indebtedness of the adverse party.    It is asserted in argument for the defendant that the verdict was in reality a finding for the bank, and an ineffectual attempt to make the bank liable for the costs, but that it must be treated as what in terms and in substance it was,—a finding favorable to the plaintiff.    After some arguments in answer to points discussed in the brief of plaintiff, counsel for defendant have discussed certain matters in the briefs filed, and in the oral argu-

ment, and produce what it is claimed are valid reasons why there was no error, or none that was prejudicial to the complaining party, in that the jury did not return a verdict for a larger amount. We have carefully considered all these arguments in connection with the pleadings and evidence and are forced to conclude that we cannot approve them. Within the issues and evidence presented in the record before us there is sufficient to sustain a verdict for the plaintiff, and it should, under the evidence now in the record, have been for a larger sum than it was.

There are other points presented in the briefs, but we do not think it necessary to discuss them at this time. It follows that the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.