BARCHENT, Respondent, vs. SNYDER, Appellant.

*April 20—May 8, 1906.*

*Mortgages: Deed absolute in form: Wrongful conveyance to third person: Equity: Adequate remedy at law.*

1. The fact that a deed absolute in form is in legal effect a mortgage may be shown in an action at law.

2. Where the grantee in a deed absolute in form but in legal effect a mortgage wrongfully conveyed the land to a third person for a sum greater than the mortgage debt, the mortgagor, acquiescing in such sale, may recover the excess from the mortgagee in an action for money had and received. No accounting is necessary and, the remedy at law being adequate and complete, an equitable action will not lie.

APPEAL from an order of the circuit court for Washington county: JAMES J. DICK, Circuit Judge. *Reversed.*

For the appellant there was a brief by *J. C. Russell* and *John Barney,* and oral argument by *Mr. Russell.*

For the respondent there was a brief by *Butterfield & Rix,* and oral argument by *P. A. Rix.*

WINSLOW, J. This is an action in equity. The complaint alleges, in substance, that the plaintiff owned and possessed certain described lands in Minnesota, and on October 3, 1900, deeded the same to the defendant as security only for a loan of $2,500 then made to him by the defendant, taking back a land contract for the reconveyance of the lands upon payment of said $2,500 with interest; that in February, 1902, the defendant demanded and received from plaintiff possession of said lands on the claim that he (the defendant) had title thereto and right of possession, and wrongfully deeded the same to one Selleck for $3,800, in which sale, though unauthorized, the plaintiff now acquiesces; that the plaintiff has demanded payment of said sum of $3,800, less said loan of $2,500 and interest, but defendant refused to pay the same. Judgment is demanded that the deed and contract be adjudged to constitute a mortgage, that defendant account for the amount received by him on said sale with interest, less said loan and interest, and that plaintiff have judgment for the balance with costs, and for such further relief as may be just. A general demurrer to the complaint was overruled, and the defendant appealed.

It is clear that the plaintiff planted his cause of action on the equity side of the court, and it is equally clear that he needed no equitable relief. It is not necessary to reform the deed. The fact that it is in legal effect a mortgage may be shown in an action at law as well as in an action in equity. *Kent v. Agard,* 24 Wis. 378; *Jordan v. Estate of Warner,* 107 Wis. 539, 83 N. W. 946. No accounting is necessary, as

the amount claimed is but a single definite sum and does not involve the examination of any account. So there is no feature of the case calling for the exercise of the peculiar powers of a court of equity. The only relief necessary is a judgment for a certain definite sum of money held by the defendant which of right is alleged to belong to the plaintiff. This relief can be fully obtained in an action at law as for money had and received.

It is suggested that the defendant holds the money as constructive trustee, and that equity always will take cognizance of actions involving trusts, even though there may be a remedy at law. Mr. Pomeroy says in relation to this subject (1 Pom. Eq. Jur. [3d ed.] § 178):

"Even when the cause of action, based upon a legal right, does involve or present, or is connected with, some particular feature or incident of the same kind as those over which the concurrent jurisdiction ordinarily extends, such as fraud, accounting, and the like, still if the legal remedy by action and pecuniary judgment for debt or damages would be complete, sufficient, and certain—that is, would do full justice to the litigant parties—in the particular case, the concurrent jurisdiction of equity does not extend to such a case."

So it is said by the supreme court of the United States:

"Whenever one person has in his hands money equitably belonging to another, that other person may recover it by *assumpsit* for money had and received. . . . The remedy at law is adequate and complete."

It was held that an action in equity would not lie in such a case. *Gaines v. Miller,* 111 U. S. 395, 4 Sup. Ct. 426. To the same effect are *French v. Hay,* 22 Wall. 231; *Boyce v. Allen,* 105 Iowa, 249, 74 N. W. 948. See, also, *Kammermeyer v. Hilz,* 107 Wis. 101, 82 N. W. 689.

The demurrer should have been sustained on the ground that there is an adequate remedy at law.

*By the Court.*—Order reversed, and action remanded with directions to sustain the demurrer.