JOSEPH ALTER ET AL., APPELLANTS, v. W. C. SKILES, APPELLEE.

FILED APRIL 17, 1913. No. 16,868.

1. **Jury, Actions Triable by.** A law action is not triable without a jury because there are issues incidental to, or elemental of, the main one which are equitable in their nature. *Lett v. Hammond*, 59 Neb. 339.

2. **Appeal: TRIAL BY JURY: WAIVER.** Where the defendant alleged by way of answer that there was a mistake in giving the note sued on because it included a larger amount than was due, plaintiffs

and defendant each had a right to have the question of the mistake submitted to the court and tried by the court without a jury, but, if they waived such right by actually trying the facts to a jury and by requesting the court to submit such fact to the jury, it is too late to complain after the verdict is rendered.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed*.

*Thomas & Shelburn,* for appellants.

*John Everson, contra.*

HAMER, J.

The original action was brought in the county court of Harlan county. The plaintiffs, who are appellants in this court, sued upon two causes of action; the first cause being upon a note for $188.60, bearing date May 5, 1904, drawing interest at 10 per cent. from date, and amounting, with interest, at the time of the trial to about $300. For a second cause of action the plaintiffs declared upon an account for goods sold and delivered, and amounting to $41.85.

The defendant by his answer admits the execution and delivery of the note sued on, and admits that at the time of the execution of the note he was indebted to the plaintiffs upon an old note for $61 and for certain merchandise, and alleges a statement of the account between the plaintiffs and himself, including the old note. The items of charges against the defendant, according to his own statement, cover the note of $61 and interest on the same, certain amounts for a cultivator, a disc, a scoopboard, some fence, and some posts, and a lumber bill for a barn, making a total of $272.23 charges against the defendant, according to his own account. Also, the defendant then claimed credit for cash paid on the account, $5; for an old wagon sold to plaintiffs, and which should be credited on the account, $15; for cash paid on the account, $50; for the third payment of cash, $30; and for a fourth cash payment, $50. On the account to the plaintiffs the defendant

claimed an indebtedness to the plaintiffs on several items amounting, when taken together, to $19.40. He claimed a total indebtedness to the plaintiffs of $291.63, and that he should be credited with $150, leaving a balance unpaid of $141.63. While the answer admits that the defendant executed and delivered the note described in the first cause of action, it says that at the time of signing the note defendant was unable to read or write, and so relied upon the representations of the plaintiff Joseph Alter, as to the correctness of the amount; that at the time he was owing said plaintiffs upon said old note, which was then past due, and for certain merchandise; that Alter wrote up the note sued on and presented it to the defendant for his approval, and that the defendant was unable to compute the amount due; and that the defendant informed plaintiff Joseph Alter that the amount stated in the note was incorrect, and that Alter agreed that, if it was incorrect, he was willing to correct it, and was willing to correct any error that might be made in the computation, and thereupon the defendant permitted his signature to be attached to the note; that said note was in excess of the amount due "to the extent of $85, or more;" that it (the note) also included certain items which the defendant was informed and believed belonged to D. A. McCulloch, who was a former partner of said Joseph Alter. Also, for answer to the second cause of action, the defendant admits purchasing and receiving from the plaintiffs the items set forth in a certain schedule, marked exhibit "A"; and alleged payment on the schedule to the amount of $150; and claimed that the plaintiffs had failed to give credit therefor upon the indebtedness due to the plaintiffs. It may not be very clearly stated, but a liberal and reasonable interpretation of the first clause of the answer would seem to be that there was a mistake made in giving the note, and that it was given for a greater sum than the amount actually due.

The prayer of the plaintiffs was for a judgment for $341.96. The reply to the defendant's answer was a

general denial.   It was not alleged in the reply that there
was any bar to proving the new matter because to do so
was an attempt to controvert a written contract with oral
evidence, but the defendant had notice, by the reply filed
by the plaintiffs, that when he attempted to prove the
things set up in his answer he would be met with evidence
that the alleged facts contained in the answer were un-
true.   Upon a trial to a jury, a verdict was rendered in
favor of the plaintiffs for $215.10, and judgment was
rendered on the verdict.

It is contended by the plaintiffs that they should have
recovered on their first cause of action the full amount
claimed by them, and that the evidence is insufficient to
prevent a complete recovery upon the note; also, that the
parties had a series of transactions prior to the date of
the note, and that the giving of the note merged all of the
indebtedness of the defendant to the plaintiffs into the
one note; that the defense is, in effect, a statement of the
account, including the old note. and various articles of
merchandise, and that, as it fails to allege fraud, duress
or mistake, the defendant is estopped to deny the terms
of the note.   The plaintiffs cite *Delaney v. Linder,* 22
Neb. 280.

In a trial of the case, while there was at first an effort
upon the part of the plaintiffs to exclude the evidence
offered on behalf of the defendant, finally the parties seem
by mutual agreement to have gone behind the note and to
have made inquiry concerning the correctness of the
amount that was due at the time the note was given and
for which it was given.

It is contended now that the district court erred in ad-
mitting evidence, over the objections of the plaintiffs,
tending to alter or vary the terms of the note sued upon;
but this cannot be correct, if the answer quoted sets forth
that there was a mistake in the amount for which the note
was given, and we think that it does.   There is therefore
in this case no effort to dispute a contract in writing with
oral evidence, and the contention of plaintiffs is not ap-
plicable to the case which they present.

One of the plaintiffs, Mr. Alter, testified directly that he computed the amount due from the defendant and on the notes which he held which were then past due. The defendant objected and excepted. As long as the plaintiffs went into the general account of the amount due from the defendant to the plaintiffs, including the note, they had no right to object because the defendant went into the same thing. The plaintiff Joseph Alter gave it as his opinion that one note, "I think a part of two notes or more (were) taken into this note." Mr. Joseph Alter testified that, if it was not figured up right, he wanted to make it right. This was a proper sentiment, but it shows that they (the plaintiffs and the defendant) were not attempting to stand strictly upon the rule contended for by the plaintiffs. The case seems to have proceeded, upon both sides, upon the theory that the consideration of the note was to be looked into and considered and that the question was to be determined as to whether the note had been given for too much.

An examination of the defendant's evidence will show that the defendant went into the question as to what was actually due on the note at the time it was given. They (the plaintiff Joseph Alter and the defendant) seem to have gone over to the plaintiffs' office, where it is claimed by the defendant that the plaintiff Joseph Alter told him (the defendant): "You have got to pay $80 for Frank." Frank was the defendant's brother. The defendant was asked, and answered, without objection, that the note sued on included the $61 note which it was to renew. The defendant also testified that he let Joe Alter have an old wagon, for which he was to have credit, and that he never received it. The defendant also testified that he paid cash at one time to the plaintiffs, $5, and at another he delivered to the plaintiffs an old wagon worth $15, for which he was to have credit, and that he never received the same; also, that he paid $130 on the lumber bill; also, that he got himself certain articles, including twine. Also, he was asked to testify whether the plaintiffs had any other note than the

$61 note at the time the note in suit was given. On cross-
examination by counsel for the plaintiffs, the defendant
testified that he did not look at the account or note on the
day the note sued on was given. It seems to be clearly
apparent that at the time the note was given, upon which
suit was brought, there was a controversy as to the amount
due; that the defendant always questioned whether there
was the amount due on the note for which it was given.
It appeared also that there was more paid on the lumber
account than was claimed to be due. There was a sharp
conflict in the testimony, and therefore the case was a
proper one for a jury. The plaintiff Joseph Alter testi-
fied, denying that he told the defendant that he would
have to pay $80 for Frank Skiles. He said: "He is cer-
tainly mistaken about that; that is all news to me."

The third paragraph in the first instruction, an in-
struction given at the request of the plaintiffs, reads: "In
answer to the petition of the plaintiffs, you are instructed
that the defendant admits that he executed and delivered
the note described in the first cause of action of the plain-
tiffs' petition, but that the defendant claims that at the
time of signing said note he was unable to read or write,
and relied wholly upon the computations, representations,
and agreements of the plaintiff Joseph Alter. The de-
fendant admits that at the time of giving said note he was
owing said plaintiff a certain sum of money upon an old
note then past due, and for certain other merchandise.
That the defendant was unable to compute the amount
then due, but that he informed the plaintiff that the
amount in said note was incorrect, and that the plaintiff
agreed to correct any error or mistake in computation, if
any should, at any time, be found. The defendant claims
that said note is in excess of the true amount due the plain-
tiff, at the time of the giving thereof, to the extent of $85,
and that said note also includes items which the defendant
claims belongs to D. A. McCulloch, and the interest
thereon."

The second instruction was also given at the request

of the plaintiffs. It contains, among other things: "It does not devolve upon the plaintiffs to introduce evidence as to the execution or delivery of said note; and, unless the defendant establishes by fair preponderance of the evidence that there was a mistake in the computation of the amount due from the defendant to the plaintiffs for which said note was given in settlement, you should find for the plaintiffs for the full amount of said note, with interest."

Here is a recognition by the plaintiffs of the fact that the question was whether there was a mistake when the note was given. If the plaintiffs treat the case as one where the pleadings are sufficient to sustain testimony touching a mistake, they are in no condition to object to the sufficiency of the pleadings touching the allegation that there was a mistake. Counsel on both sides seem to have gone into the merits of the case as to whether the note was given for a proper amount; that is, as to whether there was a mistake. As there was a conflict in the evidence, it would seem that the verdict of the jury should be allowed to stand. It may be said that a law action is not triable without a jury because there are issues incidental to, or elemental of, the main one which are equitable in their nature. *Lett v. Hammond,* 59 Neb. 339; *Yager v. Exchange Nat. Bank,* 52 Neb. 321. The defendant therefore had a right to allege the mistake in giving the note, although the action was a law action. While the plaintiffs and defendant had a right to have the question of mistake in giving the note for an alleged improper amount submitted to the court and tried by the court without a jury because of its equitable nature, if they waived it by actually trying the facts to a jury, as they seem to have done in this case, both in the way the testimony was taken and by the instructions requested by the plaintiffs, it is too late to complain after the verdict is rendered.

The judgment of the district court is          AFFIRMED.

SEDGWICK, J., concurs only in the conclusion.