(February 10, 1917.)

THORAL JOHANSEN, Appellant, v. EUGENE LOONEY and JAMES H. OAKES, Respondents.

[163 Pac. 303.]

BASIS OF DISTINCTION BETWEEN LAW AND EQUITY ACTIONS—PLEADINGS —DEED INTENDED AS MORTGAGE—INNOCENT PURCHASER FROM MORT-GAGEE—RIGHT TO TRIAL BY JURY—WAIVER OF JURY TRIAL.

1. In determining whether the nature of an action is legal or equitable the court must take into consideration the averments of plaintiff's petition or complaint and the body and substance of the ultimate relief sought.

2. Where plaintiff alleges that a deed, absolute in form, was in fact intended as a mortgage since it was given as security for a debt, and sues for an amount of money equal to the difference between his actual indebtedness to the grantee and the greater amount received by the grantee upon sale of the property to a third party, although in order to entitle him to recover this surplus he must show the conveyance to have been in fact a mortgage instead of a deed, such proof is only incidental to the real and ultimate issue presented, which is whether plaintiff is entitled to recover a money judgment.

3. The apparent purport of a written instrument may be varied by parol evidence when such instrument is vague or indefinite in its terms, or the terms contain a meaning which is not properly expressed but which was intended by the parties to be a part of the contract or transaction and binding upon them.

4. Where plaintiff alleges that an instrument purporting to be a deed was in fact a mortgage, and seeks to recover from the grantee the difference between his indebtedness and the amount received by the grantee on sale of the property to a third party, and joins such third party with the grantee as a defendant, in order to affect such third party with notice of the grantee's real interest in the property under such deed, it must be shown that such third party purchased with actual or constructive notice of the fact that the first deed was in fact a mortgage, given for the purpose of securing an indebtedness, and unless this is clearly shown, either by parol evidence or by attendant circumstances, the validity of the deed given by the grantee to such third party cannot be attacked.

5. *Held,* that the allegations and prayer of plaintiff's complaint in this case show him to be entitled to a trial by jury, under sec. 7, art. 1, of the constitution, and secs. 4368 and 4369, Rev. Codes, which right cannot be denied him in the absence of a waiver.

6. *Held,* that the acts and conduct of plaintiff in this case, as shown by the record, do not constitute a waiver of a jury trial.

[As to parol evidence supplementing deed by proof a collateral oral agreement, see note in **Ann. Cas.** 1914A, 455.]

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Carl A. Davis, Judge.

Action in *assumpsit* for money had and received. From a judgment for defendant, plaintiff appeals. *Reversed and remanded.*

S. L. Tipton and J. B. Eldridge, for Appellant.

The guaranty that "the right to trial by jury should remain inviolate" has no reference to equitable cases. (*Christensen v. Hollingsworth,* 6 Ida. 87, 96 Am. St. 256, 53 Pac. 211.)

The right to a jury trial may be waived by any conduct or acquiescence inconsistent with the intention or expectation to insist upon it. (24 Cyc. 154; *MacKellar v. Rogers,* 109 N. Y. 468, 17 N. E. 350; *Boyd v. Boyd,* 12 Misc. Rep. 119, 33 N. Y. Supp. 74 (affirmed, 146 N. Y. 403, 42 N. E. 542); *Keystone D. Co. v. Worth,* 117 N. C. 515, 23 S. E. 427; *People v. Firth,* 88 Misc. Rep. 217, 151 N. Y. Supp. 705.)

The noticing the case for trial after the jury has been discharged will have the effect of waiving trial by jury. (*Cole v. Terrell,* 71 Tex. 549, 9 S. W. 668; *Blankenship v. Parsons,* 113 Ala. 275, 21 So. 71.)

The statutory method of waiving a jury trial is not exclusive. (*Lindstrom v. Hope Lumber Co.,* 12 Ida. 715 (721), 88 Pac. 92; *Schumacher v. Crane-Churchill Co.,* 66 Neb. 440, 92 N. W. 609; *Keystone Driller Co. v. Worth,* 117 N. C. 515, 23 S. E. 427.)

B. S. Crow and Wyman & Wyman, for Respondents.

The law is well settled that *assumpsit* is an action at law. (*Kreutz v. Livingston,* 15 Cal. 344, 345.)

A jury trial was had in the following cases for money had and received: *Minor v. Baldridge,* 123 Cal. 187, 55 Pac. 783; *Lutz v. Rothschild,* 4 Cal. Unrep. 888, 38 Pac. 360; *Donovan v. Purtell,* 216 Ill. 629, 75 N. E. 334, 1 L. R. A., N. S., 176; *Peterson v. Foss,* 12 Or. 81, 6 Pac. 397.

"It is no objection to the maintenance of this action that equitable principles are to some extent to be applied and that the money sought to be recovered is impressed with a trust in the hands of the holder." (*Merino v. Munoz,* 99 App. Div. 201, 90 N. Y. Supp. 985.)

Where the mortgagee or the party having a deed for the premises as security for the debt sells the same, the action for money had and received is the remedy. (*Lander v. Castro,* 43 Cal. 497; *Scranton v. Begol,* 60 Cal. 642.)

This being an action at law, the plaintiff was entitled to a trial by a jury.

"Under the provisions of the constitution of Idaho the right to trial by jury is never to be denied even though an accounting is involved." (*Russell v. Alt,* 12 Ida. 789, 88 Pac. 416, 13 L. R. A., N. S., 146; *Lindstrom v. Hope Lumber Co.,* 12 Ida. 714, 88 Pac. 92; *Robertson v. Moore,* 10 Ida. 115, 77 Pac. 218; *Dittemore v. Cable Milling Co.,* 16 Ida. 298, 133 Am. St. 98, 101 Pac. 593; *Davidson Grocery Co. v. Johnston,* 24 Ida. 336, Ann. Cas. 1915C, 1129, 133 Pac. 929.)

BUDGE, C. J.—In 1905 appellant procured from respondent $6,500, for which he executed and delivered a warranty deed, conveying certain real estate, and a bill of sale of certain personal property. The money thus procured was to be repaid according to stipulated terms. The appellant, however, failed to make the payments as agreed, and in 1907 another arrangement was made, whereby appellant executed and delivered to respondent, Looney, a quitclaim deed to said real estate, and the latter surrendered all claim or ownership in and to the personal property, after satisfying a certain chattel mortgage of $400 then due on said personal property. Thereafter respondent, Oakes, having purchased a one-half interest in the real estate described in the deed from the appellant to Looney, the whole was sold and conveyed to E. H. Dewey. Appellant alleges that the real estate thus conveyed was rightfully his and had been conveyed to Looney only as security for the money borrowed, and that he should be permitted to recover the sales price received by respondents, less the amount of the appellant's indebtedness to Looney.

While admitting that these deeds are absolute in form, the appellant asserts that it was the intention of the parties at the time of the transactions that they should serve as mortgages only. Although counsel presented the case upon the theory that the deeds given by appellant to respondent, Looney, were in fact mortgages, it appears that the complaint seeks to set out facts from which, if true, a constructive trust would arise in favor of the plaintiff. Under this theory, however, the result would be the same. But since the respondents have conveyed said property to E. H. Dewey, conceded for the purposes of this action to be an innocent purchaser, appellant is not seeking to set aside the deed from the respondents to said E. H. Dewey, but seeks to have the deed declared a mortgage as between himself and Looney in order to hold the respondents liable for the difference between the amount alleged to have been received by the sale to Dewey and the appellant's indebtedness to Looney. Upon this theory he instituted an action in the district court in and for Ada county, which was in form a common-law action of

*assumpsit* for money had and received, to which a demurrer was interposed and sustained. Thereafter an amended complaint was filed, to which respondents filed an answer. The cause coming on for trial, appellant requested a jury trial, but the trial court, being of the opinion that the issues involved were equitable and that the action was one in equity and not at law, denied the request of appellant, who thereupon refused to proceed further with the trial of the cause, and the cause was thereupon dismissed.

This is an appeal from the judgment of dismissal, the appellant specifying as error the action of the trial court in denying his request for a jury trial, and insisting that this is an action at law, since the only relief that he can obtain under the pleadings is a money judgment. While, upon the other hand, the respondent contends that the latter deed, conveying the real estate, is an absolute conveyance, intended as such, and was given for the express purpose of extinguishing whatever title appellant may have had in and to the real property conveyed.

The important question raised in this case, therefore, is: Is this an action at law or a suit in equity? If the former, clearly the appellant was entitled to a jury trial and the judgment of the trial court should be reversed. It would be difficult and perhaps impossible in all cases to determine from the pleadings alone what should be deemed a suit in equity as distinguished from an action at law.

In this case one of the important facts to be decided is whether the second deed, given by appellant to Looney, was a deed absolute, and vested the title to the real estate therein described in fee simple in Looney, as it purported to do upon its face, or whether it was in truth and in fact a mortgage, intended as such and given for the purpose of securing an indebtedness, the equitable title to remain in the appellant. The latter is not seeking in this action to have the deed declared a mortgage for the purpose of redemption; nevertheless, in order for the appellant to recover under any circumstances, it will be necessary for the court or jury to

determine whether the deed given by the appellant to Looney is a mortgage or an absolute conveyance.

Therefore, in determining the nature of the present action, this court must be influenced by the averments of plaintiff's petition or complaint and the body and substance of the relief which he is seeking. What relief is he seeking—is it primarily the cancelation of the deed? We think not. He is claiming an amount of money, the difference between the sales price received by the respondents from Dewey and the plaintiff's indebtedness to respondent, Looney, under the transactions herein involved. Admitting that, in order to entitle him to recover this surplus, he must show the conveyance to have been a mortgage instead of a deed; this proposition would seem to be only incidental to the real issue presented by the case, and, therefore, not controlling in determining whether it is a suit in equity or an action at law. The fact that there is an equitable question involved in a case is not decisive of its nature.

There is a rule of law dating almost as far back as the statute of frauds, which allows the purport of a written instrument to be varied by parol evidence, when such instrument is vague or indefinite, or when there is a hidden meaning not expressed in its terms, but which was equally intended to be a part of such transaction and binding upon the parties. The reason for this rule is very obvious. The appellant in this action seeks to establish what he contends to be the agreement between himself and Looney at the time the latter deed was given, which was not to bind them in the manner expressed in the written instrument. In order to do this it will be necessary for the appellant to show that the deed, though absolute on its face, was given to secure the payment of a fixed sum of money within a specified time and was intended as a mortgage. As affecting Oakes it must be shown that, at the time he purchased the one-half interest from Looney, he did so either with knowledge of the fact, if such be the fact, that the conveyance, from appellant to Looney, although a deed absolute in form, was intended as a mortgage, or that he was in possession of knowledge, or informed of such facts,

as would be sufficient to put a prudent man upon inquiry, which inquiry, if prosecuted with reasonable diligence, would certainly have led to a discovery of the fact. (Pomeroy, 3d ed., sec. 597.)   The general rule would seem to be that unless these facts are clearly shown, either by parol evidence or by attendant circumstances, such as the condition and relation of the parties, or gross inadequacy of price, the court would not be justified in upholding a judgment or verdict contrary to the rights of the parties as expressed in the written instrument. (*Wallace v. Johnstone,* 129 U. S. 58, 9 Sup. Ct. 243, 32 L. ed. 619.)

The perplexing question involved in this case is whether appellant is entitled to a jury trial in order that the facts and circumstances surrounding the giving of the latter deed may be submitted to a jury for the purpose of determining the character of the instrument.   Aided by the decisions of appellate courts of other states, quoted below, we have reached the conclusion that sec. 7, art. 1, of the constitution, and secs. 4368 and 4369, Rev. Codes, secure to appellant the right of a jury trial, which cannot be denied him in the absence of a waiver.

The Nebraska case of *Yager v. Exchange National Bank,* 52 Neb. 321, 72 N. W. 211, is entitled to considerable weight, because of its analogous facts and of the sound reasoning of the opinion.   There the petition alleged that the plaintiff had executed to the defendant a deed absolute in form, but in fact a mortgage; that the defendant had sold the land, receiving more than sufficient to pay the debt.   The prayer was for judgment for that surplus.   The court said:

"It is true that, in order to establish the plaintiff's right to the money, it is necessary for him to show that a deed absolute in form was a mortgage; but the determination of this issue is only incidental to the main object of the action, which is the recovery of money.   No decree declaring the trust is required, nor is it sought to establish any equitable interest in the land.   It is merely necessary to prove these facts in order to accomplish another object. . . . . We are very clearly of the opinion that the case before us was in

its nature one for money had and received, that the plaintiff was entitled to a jury trial, and that the court erred in referring the case.''

The case of *Boyce v. Allen*, 105 Iowa, 249, 74 N. W. 948, is almost as directly in point. There the court said:

''This complaint is grounded upon the claim that plaintiff cannot have the relief asked in these counts until the deed and bill of sale are reformed so as to make them conditional, instead of absolute, conveyances, and that equity alone can grant such reformation. . . . . To entitle plaintiff to recover, it is only necessary to find the actual consideration which defendant was to pay for these properties, and to credit him with what he has paid in accordance with the agreement of the parties. . . . . The plaintiff might have so drawn his pleadings as to demand the cancelation of the alleged deed of conveyance and the setting aside of the alleged settlement, but he did not do so. That the pleadings set out facts which, if true, would entitle plaintiff to equitable relief, is immaterial, so long as such relief is not demanded. . . . . There was no error in overruling the motion to transfer to equity.''

In the case of *Barchent v. Snyder*, 128 Wis. 423, 107 N. W. 329, where the facts are very similar, if not identical with those at bar, the plaintiff alleged that he deeded land to the defendant as security for a loan, taking back a land contract for reconveyance on payment of the debt, and that defendant thereafter wrongfully conveyed the land without authority, for a certain sum, and prayed that the deed and contract be adjudged to constitute a mortgage, and that defendant account for the amount received by him on the sale, less the amount of plaintiff's indebtedness and interest, and that plaintiff have judgment for such balance. The court said:

''The only relief necessary is a judgment for a certain definite sum of money held by the defendant which of right is alleged to belong to the plaintiff. This relief can be fully obtained in an action at law as for money had and received.''

The same court in the case of *Kent v. Agard*, 24 Wis. 378, says:

"Indeed, it seems difficult to imagine any other action by which the plaintiff could bring the question to trial. If he should bring an equitable action, and ask to have the deed declared a mortgage, it would seem to be a sufficient answer to tell him that if it was a mortgage in fact, he could prove it in an action at law, and it would then have only the effect of a mortgage."

For further authorities see the cases cited in the above opinions, and also: *Bogk v. Gassert,* 149 U. S. 17, 13 Sup. Ct. 738, 37 L. ed. 631; *Jordan v. Warner's Estate,* 107 Wis. 539, 83 N. W. 946; 8 Encyclopedia of U. S. Supreme Court Reports, 464. In the latter work it is said:

"The question as to whether a conveyance constitutes an absolute deed or a mortgage is a question of fact to be determined by the jury."

We are frank to admit that upon a cursory examination of the complaint in this case we were strongly of the opinion that the suit was one in equity, but from a careful examination of the foregoing and many other authorities, it is evident that, not only were we mistaken in our first impression, but that the learned trial court was also wrong and erred in denying the appellant a jury trial. And since we view the serious question that is involved in this appeal to be the question of the right to a jury trial by the appellant, we do not deem it necessary to discuss in detail the second proposition urged by respondent, namely, that under the rules in force in the trial court the attorney for the appellant, if entitled to a jury trial, by his acts and conduct waived the same. We do not think the record would justify us in so holding. The judgment of the district court is reversed and the case is remanded, with instructions to grant the appellant a jury trial. Costs awarded to appellant.

Rice, J., concurs.

MORGAN, J., Concurring.—I concur in the conclusion reached in this case, but dissent from that portion of the opinion referred to in the third and fourth sections of the syllabus, for the reason that it appears to me to be *obiter dictum.*