TRUMBULL *v.* HALE.

1. DEEDS—DELIVERY.
  Where father made deed of land to daughter and delivered it to trusted employee without any reservation, with instructions to deliver it to daughter on father's death, there was good delivery.

2. SAME—DELIVERY MAY BE GOOD ALTHOUGH DEED SUBSEQUENTLY COME INTO HANDS OF GRANTOR.
  Delivery of a deed may be good, notwithstanding the fact that subsequent thereto it has come into the hands or under control of the grantor.

3. WILLS—LIFE LEASE TO WIDOW.
  Where testator deeded land to daughter, and later willed life use of it to widow, the latter, who declined to take under the will, also lost all rights in a life lease executed to her by the daughter for purpose of carrying out provisions of will.

4. SAME—ACCOUNTING.
  Where widow elected to take under the statute rather than under the will, she must account for net income from property received by her to which she was not entitled when she declined to take under will.

Appeal from Van Buren; Warner (Glenn E.), J. Submitted January 10, 1930. (Docket No. 70, Calendar No. 34,535.) Decided March 7, 1930.

Bill by Georgia Hale Trumbull against Minnie Manette Hale to set aside a life lease and for an accounting. From a decree granting partial relief, plaintiff appeals. Modified, and affirmed.

*Earl L. Burhans* and *William W. Holmes (Marvin J. Schaberg,* of counsel), for plaintiff.

Effect of delivery of deed to third person to be delivered to grantee after grantor's death, see annotation in 52 A. L. R. 1222.

*Frederick C. Cogshall* and *David Anderson,* for defendant.

BUTZEL, J.   George N. Hale conducted a large department store and maintained his home in the·city of South Haven, Michigan.   On October 6, 1904, after the death of his wife, he executed a deed of the home to his daughter, Georgia, at that time a child, and now Georgia Hale Trumbull, plaintiff in this suit.   He delivered the deed to John J. Clement, the bookkeeper and general manager of his business, with instructions to deliver the deed to his daughter Georgia in the event of his death.   Clement placed the deed in a drawer in which he kept his papers in a vault at the store.   In 1908, while on a trip to Europe, Hale told another business associate and friend that he had executed the deed and left it with Clement.   He also told his son, Marshall, about it. In 1909, Hale married his deceased wife's niece, who thereupon became Minnie Manette Hale, the defendant in this case.   After his marriage, Hale made a new will, which, with its codicil, provided for an annuity of $3,000 a year to his wife.   It further provided that she was to have the use of the family home during her lifetime, and that upon her death it was to belong to plaintiff.   The will was consistent with the deed in so far as it eventually left the property to plaintiff, but not in making this devise subject to a life interest in defendant.   In 1924, Hale went to William W. Holmes, an attorney who had been practicing in South Haven for 25 years, and consulted him in regard to the inconsistency between the will and the deed.   Mr. Holmes introduced his office book, which showed an entry on June 21, 1924, as follows:

"June 21, George N. Hale, Dr., counsel, will and life lease G. Trumbull."

Mr. Holmes prepared a life lease from plaintiff to defendant. He testified as follows:

"Mr. Hale, as I recall, came to my office at this time and he told me that he had a will and in that will he had given to his wife certain property to which he had formerly made a deed to his daughter, and he asked me what to do about the matter; and after talking the matter over with me my suggestion was that he get a life lease from his daughter to his wife and *hold that to protect his clause in the will.* And he suggested that I prepare it for him; and I prepared it for him; and I afterwards took it over to him at his office."

Mr. Hale thereupon took the lease to Evanston, Illinois, where plaintiff was living, and where she duly executed it. Plaintiff under the statute was not permitted to testify as to the conversation she had with her father at the time the life lease was executed by her. The lease was found among Hale's papers after his death.

Clement in the meantime had died, and after his death his son-in-law went to Hale's store, where Clement's papers were brought to his former desk and there examined in the presence of Mr. Hale. The deed to the plaintiff was not among the papers. Shortly after Mr. Hale's death, the deed, however, was found in Mr. Clement's drawer in the vault at the Hale store. It was recorded in accordance with plaintiff's instructions. The life lease was also found among Mr. Hale's papers. It was in an envelope on which was written: "For Mrs. G. N. Hale from Georgia Trumbull." Mr. Hale's son, Marshall, testified that his father had instructed him to record the deed in the event of his father's death, and that he had also been requested by plaintiff to record the deed.

The property covered by the deed consists of the old home, which, with the adjoining land, is rented out to various tenants. The life lease was delivered to defendant, and she recorded it on the same day that she filed in court her declination to take under the will and election to take under the statute. The estate is a fair-sized one, consisting of both personal and real property. Defendant found it to her advantage to elect to take under the statute. Plaintiff claims that defendant, in so electing, released all of her rights under the will, including any claim to a life interest in the particular property in which she was to have had a life interest; that, inasmuch as the life lease was executed for the sole purpose of carrying out the terms of a will under which defendant declined to take, she lost all rights under the life lease.

Plaintiff seeks in this suit to have the life lease set aside and canceled, and to make defendant account to her for the net income from the property. Defendant claims that she is entitled to the life lease independently of the will, and that, if the life lease is void, then, also, the deed from Hale to plaintiff is void; in which event the home would be part of the realty of the estate and to which defendant would be entitled to a one-third. The court held that both the deed and life lease were valid, and dismissed the bill. Plaintiff has appealed from that portion of the decree holding the life lease to be valid. Defendant first appealed from the entire decree, but though she has dismissed her appeal, she has not abandoned her claim that if the deed is good, the lease is good, and that if the lease is not valid, then the deed is also void, and she is entitled to receive one-third of the property.

There is no question but that the deed was executed in proper form. The only question raised is as to the delivery. We believe that there was a good delivery. The testimony of the witnesses proves beyond any doubt that the deed was delivered to Clement. Great stress is laid upon the fact that Clement was a trusted employee, and inferentially, therefore, subservient to Hale's wishes, so that there was no real delivery. It was but natural for Hale to deliver the deed to a person whom he trusted and upon whom he could rely. The testimony shows that there was an absolute delivery to Clement. In 1924, ten years after Clement's death, Hale's anxiety over the will, and his seeking and following the advice of his attorney, Mr. Holmes, and having a life lease prepared and executed, show beyond any doubt that he considered the delivery of the deed to be good and binding. If he had not so considered it, it would have been a very simple matter for him to have destroyed the deed if it was under his control. The delivery of a deed may be good, notwithstanding the fact that subsequent thereto it has come back into the hands or under the control of the grantor. *Blackford* v. *Olmstead,* 140 Mich. 583; *McCauley* v. *Schrock,* 236 Mich. 317.

The only other question to consider is whether the life lease is good. Mr. Holmes' testimony is convincing that the sole purpose of executing the lease was to carry out the provisions of the will. We are of the opinion that when defendant declined to take under the will, she lost all rights both under the will and under a lease, the sole purpose of which was to make the will good. Defendant paid no consideration for the lease. It had not been delivered to her. It was not placed in the hands of a third

party for delivery after Hale's death. The will and life lease must be considered together. She can not decline one and claim the benefits of the other.

Plaintiff is entitled to the income from the property less the expenses. The lower court is instructed to determine the receipts from the property, as well as all expenditures made on account of it, and enter a supplemental decree ordering defendant to pay to plaintiff the net income from the time that defendant took possession of the property.

The decree of the lower court is affirmed and modified so as to provide that the deed from George N. Hale to plaintiff is valid and binding; that, upon defendant's declining to take under the will and electing to take under the statute, the lease became null and void and of no force or effect; that plaintiff is entitled to recover from defendant the net income from the property from the time that defendant took possession of it, and a supplemental decree in favor of plaintiff against defendant for such amount as may be found due shall be entered by the lower court. Plaintiff will recover costs.

CLARK, POTTER, SHARPE, and FEAD, JJ., concurred with BUTZEL, J.

WIEST, C. J. I concur on the ground there was no delivery of the lease.

NORTH, J., concurred with WIEST, C. J. McDONALD, J., did not sit.