WILLIAM G. ALDEN

*vs.*

CAMDEN ANCHOR-ROCKLAND MACHINE COMPANY.

Knox.     Opinion February 16, 1911.

*Bills and Notes.   Renewal.   Payment.   Contracts.   Construction.   Pleading.
Amendment.*

A provision endorsed on a corporate note that it would be renewed unless stock was sold to pay it is part of the contract, and, as construed by the parties, operated to renew the note for a year on the maker's failure to sell such stock, execution of a new note not being essential to a renewal.

A memorandum endorsed on a contract does not affect it if collateral to and independent of the contract, but when a unilateral contract fails to express the agreement between the parties, a memorandum made upon the same paper and delivered as a part of the contract constitutes as much a part of it as if written in the body.

Different instruments should be construed together as parts of the same contract where it is necessary to effectuate the agreement and the parties' intention.

A declaration on a note which fails to plead a provision endorsed on the note can be amended on terms so as to set out a new count pleading the entire contract.

The maker of a note is entitled to a credit for the value of collateral converted by the payee to his own use.

On report.   Action to stand for trial.

Assumpsit on a promissory note.   Plea, the general issue.   Case reported to the Law Court for determination.

The case is stated in the opinion.

*White & Carter*, for plaintiff.

*J. H. Montgomery*, for defendant.

SITTING:   EMERY, C. J., WHITEHOUSE, SAVAGE, SPEAR, KING, BIRD, JJ.

WHITEHOUSE, J.   This is an action of assumpsit on a promissory note of the following tenor.

$5,000.                    Rockland, Maine.   July 13, 1904.

Twelve months after date we promise to pay to the order of W. G. Alden five thousand dollars with interest at five per cent payable semi-annually.

Value received

CAMDEN ANCHOR-ROCKLAND MACHINE Co.

By W. G. ALDEN, President.

A.  D. BIRD, Treasurer.

The writ is dated January 27, 1910.   On the back of the note is the following endorsement.

"This note is secured by fifty shares of the Camden Anchor-Rockland Machine Co., preferred stock, par value One Hundred ($100.00) per share.   And it is agreed that this note will not be called for payment at maturity, but will be renewed unless preferred stock of the corporation is sold to pay this note."

Pay to the order of Georgianna Alden.

W.  G. ALDEN,

GEORGIANNA ALDEN.

The declaration on the note is in the usual form, but it contains no reference to the agreement respecting the payment of the note at maturity.

The defendant objected to the admission of the note under this declaration on the ground that the note offered does not correspond with the allegations in the writ and is not a promissory note as declared on in the writ because the writing on the back of it is a part of the contract.   The defendant offered to prove ;

First.   That it was always ready to renew the note in accordance with the terms of the agreement on the back of said note.

Second.   That the collateral mentioned in said endorsement has been converted by the plaintiff to his own use, and the value of it should be appropriated in payment of the note."   Thereupon the case was reported to the Law Court in order that it might be determined ;

First.   If said note marked Plaintiff's Exhibit No. 1, is admissible in evidence under the declaration in plaintiff's writ.

Second.    Whether, if it be found that said note is not admissible under said declaration, said declaration may be amended by setting forth the matter contained in the endorsement on said note.

Third.    To determine whether either or both of said defences are open to the defendant to the action upon the declaration as it now stands, or as it may be amended.

Plaintiff claims the right to amend his writ if the same shall be declared to be necessary and amendable by the Law Court.

The Law Court to make such orders or render such judgment as the rights of the parties require."

It is contended in behalf of the plaintiff that this memorandum on the back of the note was an independent collateral agreement which is no part of the note itself.    It is contended that this does not have the effect to change any of the terms of the note but is only a stipulation as to what the parties shall do in certain contingencies after the maturity of the note.

It is undoubtedly true that if the memorandum is collateral to and independent of the contract or promise, it does not become an essential part of it and will not have the effect to change the contract, but it is immaterial if the memorandum is on the same paper or not.    On the other hand it is equally well settled that when a unilateral contract fails to express the agreement between the parties and a memorandum is made upon the same paper either upon the face of it or endorsed upon the back of it and delivered as a part of the contract, the whole agreement constitutes a full contract and the memorandum is as much a part of it as if written in the body of it.    Thus in *Hill* v. *Huntress*, 43 N. H. 480, an agreement made at the same time as a promissory note contained a stipulation that the promissor would pay the amount of the note in tanning hides for the payee and it was held as between the parties notwithstanding its form, that this instrument was only a part of a special contract, the other part of which as it was made was contained in the written agreement of the same date and purporting to be executed at the same time.    Different instruments are to be construed together as parts of the same contract where it is necessary to carry into effect the agreement and intention of the parties.

In *Barnard* v. *Cushing*, 4 Met. 230, the payee of the note at the time it was signed by the maker endorsed on it a promise not to compel payment but to receive the amount when convenient for the maker to pay it, and it was held that the endorsement must be taken as a part of the instrument.   So in *Wheelock* v. *Freeman*, 13 Pick. 168, it was held "that any words written on the instrument which qualify and restrain its operation constitute a part of the contract."   See also *Gas Co.* v. *Wood*, 90 Maine, 516 ; *Davlin* v. *Hill*, 11 Maine, 434.

It is not in controversy that the last part of the endorsement on the note, stipulating that it will not be "called for payment at maturity, but will be renewed" unless preferred stock is sold to pay it, was written on the back of it at its inception and before delivery. It must accordingly be deemed a material part of the contract made by the parties.   The legal effect of it might be to change the time for the payment of the note.   With this endorsement incorporated into the contract the entire instrument may not be technically a negotiable promissory note, but it constituted a valid contract between the parties and may be conveniently designated as a note. The agreement respecting the time of payment must be interpreted according to the intention of the parties as disclosed by the language employed and the object to be accomplished.   The obvious purpose of the agreement on the back of the note was to give the defendant an opportunity to raise the amount required to pay it by the sale of the preferred stock of the corporation.   If the company succeeded in selling sufficient stock for that purpose within a year, the plaintiff was entitled to "call the note for payment at maturity." If the stock was not thus sold, the plaintiff was not to call for the payment of the note at the expiration of the twelve months therein named but agreed to extend the time, at the option of the defendant, for another term of twelve months, or accept a new note on the same terms as the one in question.   The intention manifestly was to give the company a maximum period of two years to pay the note by the sale of the stock.   It is not claimed that any preferred stock was actually sold by the defendant for that purpose at any time before the commencement of this action.   But the plaintiff appears to have

waived his right to have a new note made and delivered to him at the maturity of the note in suit. Under the practical construction put upon the agreement by the conduct of the parties, it appears to have been deemed immaterial whether a new note was actually made and delivered to the plaintiff or not at the maturity of the note in suit. The agreement was evidently understood to be equivalent to a final agreement for an extension of the time for one year in the event that the stock was not sold by the defendant. It was in fact treated by the parties as a self executing agreement . for that purpose, and not simply as an executory agreement which could only be made effective by the execution and delivery of a new contract. Accordingly the plaintiff not only omitted either to exact payment or to require a new note at the maturity of the note in suit, but forbore to bring suit even at the expiration of the second year, when by the terms of the agreement, the note was undoubtedly due and payable, and waited three years and a half longer for the defendant to raise money from the sale of the stock.

But the entire contract made by the parties is not set out in the plaintiff's declaration, and the instrument offered in evidence is not admissible under it. The declaration is amendable, however, and a new count may be introduced in the court below setting out the entire contract made by the parties, as above described, upon terms to be prescribed by the sitting Justice.

II. It appears from the first paragraph of the endorsement on the note that fifty shares of the defendant's preferred stock was delivered to the plaintiff as collateral security for the payment of the note. If the plaintiff converted the stock to his own use, the defendant is entitled to have the value of it appropriated in payment of the note. It was held by the plaintiff under an implied agreement that it might be made available to him for that purpose by observing certain legal formalities. The fact that the stock may have been converted by the plaintiff without regard to the requirements of the law, does not deprive the defendant of the right to have it accounted for in this action. It would be manifestly unjust and contrary to the principles of law governing the rights of the parties respecting collateral security, to compel the company to pay

the full amount of the note in cash, and then rely solely upon the personal responsibility of the plaintiff for the value of the stock thus converted by him.

It is accordingly the opinion of the court that the certificate must be,

*Case remanded.*
*Action to stand for trial.*