(October 9, 1915.)

## C. R. PONCIA et al., Appellants, v. J. FREDERICK EAGLE and McCREADY SYKES, Respondents.

[152 Pac. 208.]

COMPLAINT—DEMURRER—CAUSE OF ACTION—ACTION TO QUIET TITLE— NOT ADVERSE SUIT UNDER SECS. 2325, 2326, U. S. STATUTES—FORM OF COMPLAINT—TECHNICALITIES.

1. *Held,* that this is an action to quiet the possession and title in the plaintiffs to certain mining ground as against the claims of the defendants.

2. *Held,* that this is not an action on an adverse claim, under the provisions of secs. 2325, 2326, U. S. Rev. Stats.

3. Under the provisions of sec. 1, art. 5, of the state constitution, the distinction between actions at law and suits in equity and the forms of all such actions is prohibited, and there is in this state

but one form of action for the enforcement or protection of private rights or the redress of private wrongs.

4. Under the provisions of sec. 4168, Rev. Codes, no particular form of complaint is required, but a statement of the facts constituting the cause of action in ordinary and concise language is sufficient, and the plaintiff cannot be sent out of court only when upon the facts pleaded he is entitled to no relief either at law or in equity.

[As to equitable suit for removing cloud from title, see note in 45 Am. St. 373.]

APPEAL from the District Court of the Third Judicial District, in and for Boise County. Hon. Charles P. McCarthy, Judge.

Action to quiet title to certain mining ground. Judgment for defendants. *Reversed.*

O. R. Woods and M. M. Myers, for Appellant.

This is an action to quiet title to mining ground, and should be treated as such, without regard to the patent regulations of the United States and without regard to the proceedings in the United States land office. The plaintiffs claim title by virtue of their locations, and by virtue of owning and being in possession of and working said claims for the last five years next before commencement of their action. (*Bradley v. Johnson,* 11 Ida. 689, 83 Pac. 927; *Jones v. Pacific Dredging Co.,* 9 Ida. 186, 72 Pac. 956; *Lavagnino v. Uhlig,* 26 Utah, 1, 99 Am. St. 808, 71 Pac. 1046.)

An action in a state court to quiet title to mining lands is not an action under the Revised Statutes of the United States, sec. 2326, to determine which of the parties is best entitled to purchase from the United States. (*Altoona Quicksilver Min. Co. v. Integral Quicksilver Co.,* 114 Cal. 100, 45 Pac. 1047.)

It matters not whether the suit was commenced within thirty days. It does not matter to the state court whether its judgment can be available in the land office or not. (*Quigley v. Gillett,* 101 Cal. 462, 35 Pac. 1040; *Risch v. Wise-*

*man,* 36 Or. 484, 78 Am. St. 783, 59 Pac. 1111; *Murray v. Polyglase,* 23 Mont. 401, 59 Pac. 439; *Gruwell v. Rocca,* 141 Cal. 417, 74 Pac. 1028.)

Hawley & Hawley, O. W. Worthwine and S. S. Griffin, for Respondents.

This is an adverse suit brought under sec. 2326, Rev. Stats. of the United States, and is governed by the law applicable to such suits. (*Hunt v. Eureka Gulch Min. Co.,* 14 Colo. 451, 24 Pac. 550, at 551; *Lily Mining Co. v. Kellogg,* 27 Utah, 111, 74 Pac. 518; *Burke v. McDonald,* 2 Ida. 339 (310), 13 Pac. 351.)

In adverse proceedings each party is practically plaintiff and must show his title. (*Brown v. Gurney,* 201 U. S. 184, 26 Sup. Ct. 509, 50 L. ed. 717; *Jackson* v. *Roby,* 109 U. S. 440, 3 Sup. Ct. 301, 27 L. ed. 990; *Perego v. Dodge,* 163 U. S. 160, 16 Sup. Ct. 970, 41 L. ed. 113.)

The amended complaint shows that this action was not commenced in the time required by the laws of the United States. (3 Lindley on Mines, 3d ed., p. 1851, and cases cited; *Holman v. Central Montana Mines Co.,* 34 L. D. 568; *Madison Placer Claim,* 35 L. D. 551; *Warnekros v. Cowan,* 13 Ariz. 42, 108 Pac. 238.)

The fact that respondents had some sort of agreement with the appellants in regard to this suit can have no effect in extending the time. (*Gustavus Hagland,* 1 L. D. 591. *Independence Lode,* 9 L. D. 571.)

SULLIVAN, C. J.—This is an action to quiet title to a certain mining claim known as the "Midnight" claim, situated in Centerville and Pioneerville Mining Districts, Boise county.

A demurrer was sustained to the amended complaint and the plaintiffs declined to plead further, and thereupon judgment of dismissal was entered. This appeal is from that judgment.

The following facts appear from the complaint.

On or about March 23, 1910, the respondents herein filed an application for a United States patent for a group of placer mining claims, called the "Dessie D" group, situated in Centerville and Pioneerville, Boise county. One of said group was named by the respondents the "Midnight" placer claim, and this claim embraced the placer mining ground described in the complaint and claimed by the plaintiffs. Said application for a patent was filed in the Boise land office and notice of such application was published in a newspaper and such publication continued in such paper for a period of sixty days and said period ended on May 27, 1910. The appellants herein filed protest and adverse claim in said land office on May 23, 1910, which was within the sixty-day period of publication, and also commenced a suit in the district court of the third judicial district in and for the said county on June 18, 1910, to quiet title to the placer ground included within the boundaries of said "Midnight" placer claim, and on September 22, that action was transferred to the United States circuit court for the district of Idaho. On April 27, 1913, that action was dismissed by the federal court.

The plaintiffs had employed William A. Sample, Esq., as their attorney, to represent them in their adverse claim, and in their said action to quiet title thereto. Sample died on or about the 25th of December, 1912, but during his life he informed the plaintiffs that their said case in the land office and in the federal court had been compromised in such a way that the said "Dessie D" group of claims would go to patent, except or excluding the "Midnight" claim, and the plaintiffs would retain their ownership of said ground.

Thereafter and during the month of March, 1914, a receiver's receipt was issued to the defendants which would entitle them to a United States patent to the whole of said "Dessie D" group of placer claims, including said "Midnight" claim. Upon being informed of those facts, plaintiffs at once employed O. R. Woods, Esq., an attorney at law, to file anew their protest and adverse claim against the issuing of a patent to said group of claims so far as the same conflicted with plaintiffs' claim. Thereupon said attorney made

application to the commissioner of the general land office at Washington, D. C., for permission to file anew the protest and adverse claims of plaintiffs and obtained permission to file a protest under oath, stating the reason why patent should not issue in that case, which protest was made and transmitted from the Boise land office to the general land office at Washington, D. C., and on April 28, 1914, the plaintiffs began this suit to quiet title and thereafter filed an amended complaint, setting forth more fully the alleged facts of the case. To this amended complaint a demurrer was filed, which demurrer was sustained, and as above stated, the court entered judgment of dismissal.

The sustaining of said demurrer and entering judgment of dismissal are assigned as error.

This is not a case where the plaintiffs are seeking to acquire a patent from the United States to the mining ground in controversy under their adverse claim or protest. The defendants only are applicants for a patent—not the plaintiffs. The plaintiffs claim title and right to the possession of this land as against the respondents by virtue of their locations and by virtue of being in possession and of working said claims for the last five years next before the commencement of this action, alleging that their possession has been actual, quiet, peaceable, adverse, visible, notorious, hostile, exclusive and continuous.

Respondents contend that this is an adverse suit brought under sec. 2326 of the Rev. Stats. of the United States, and is governed by the law applicable to such suits, and that by the allegations of the complaint the plaintiffs have elected to try this case as an adverse suit under secs. 2325 and 2326, Rev. Stats. of the United States, and that that was the theory upon which the case was tried out on demurrer in the district court.

We cannot agree with that contention, although the theory above suggested may have been the theory upon which the demurrer was determined. The suit upon the adverse claim, which was begun and transferred to the United States court, was dismissed upon an alleged agreement that the applicants

for patent for said "Dessie D" group of mining claims would exclude from their application the ground known as the "Midnight" placer claim. Thereafter the attorney for the plaintiffs herein died, and it appears from the allegations of the complaint that said applicants failed to comply with such agreement and exclude said ground from their application for a patent, and in violation of such agreement continued their application for that ground and obtained an order directing certificate to issue to them for said ground, as appears from the letter of the commissioner of the general land office at Washington, D. C., dated March 25, 1914. The commissioner states in that letter, in substance, that the commissioner's office is in receipt of a telegram from O. R. Woods, requesting that further action be stayed in regard to mineral application 08584, that being the application made by the defendants, "for the reason that claimant is securing patent to the Midnight placer through fraud." And continues: "The record shows that suit was commenced in court, on the adverse claim, and a certified copy of the judgment-roll shows that said suit was dismissed April 7, 1913, by order of court. The dismissal of the suit disposed of the adverse claim, and, as no further objection was apparent, by office letter 'N' of March 11, 1914, you were directed to issue the final certificate in mineral application 08584. In view of the statement contained in the telegram, you will allow O. R. Woods, or the parties interested, thirty days from notice within which to furnish a *protest,* under oath, stating the reason why patent should not issue in this case," etc.

Said letter is made a part of the complaint, and clearly shows that the commissioner of the general land office would consider a protest against the issuance of a patent to the defendants for said "Midnight" placer mining ground.

The adverse suit which was brought by the plaintiffs had already been dismissed, according to the allegations of the complaint, because of the agreement and compromise made between the applicants for the defendant and attorney Sample for the plaintiffs. The time having already passed for beginning another suit on an adverse claim, the plaintiffs

brought this suit to determine their right to the possession of said mining ground. Of course, the title was still in the United States, but they had a right in this way to try their right to the possession of said ground:

Counsel for defendants also contend that the amended complaint shows that this action was not commenced in the time required by the laws of the United States. They are right in that contention, but are entirely wrong in their contention that this is a suit on an adverse claim and that it must be brought within the time provided by the laws of the United States. A person who is entitled under the laws of the United States to the possession of mining ground by reason of his having complied with the statute may defend his possession and have it protected in an action to quiet such right in him. He does not need to be in a position to acquire a patent from the United States for such ground. He may protect his possession and right from the attempts of others to procure a patent from the United States for land of which he is legally possessed and make no application for a patent himself in such proceedings.

Under the provisions of sec. 1, art. 5, of the state constitution, there is but one form of action for the enforcement or protection of private rights, or the redress of private wrongs, and under the provisions of sec. 4168, Rev. Codes, the complaint must *inter alia* contain a statement of the facts constituting the cause of action in ordinary and concise language. It was held by this court in *Rauh v. Oliver,* 10 Ida. 3, 77 Pac. 20, that the technicalities of pleading have been dispensed with by the code, and the plaintiff need only state his cause of action in ordinary and concise language, whether it be in *assumpsit,* trespass or ejectment, without regard to the ancient forms of pleadings, and that the plaintiff can be sent out of court only when, upon the facts pleaded, he is entitled to no relief either at law or equity.

In *Anderson v. War Eagle Con. Min. Co.,* 8 Ida. 789, 72 Pac. 671, this court held that no particular form of complaint was required; that the complaint must contain a statement of the facts constituting the cause of action, in ordinary and

concise language, and when that was done the plaintiff was entitled to whatever relief his pleadings and proof show him entitled to, either in law or equity.

We find many allegations in the complaint not necessary to a complaint in an action to quiet title, but the complaint as a whole contains the allegations necessary to a complaint in an action to quiet title. We recognize the rule that a general demurrer only admits matters properly plead, but if a complaint contains many matters that are not essential to it but contains sufficient to state a cause of action, it is error to sustain a general demurrer to it.

Reading the complaint in the light of the provisions of the constitution and statute above cited, if the plaintiffs can prove those allegations on the trial, they will certainly be entitled to a judgment protecting them in the possession of said mining ground as against the defendants.

Under this view of the matter, the court erred in sustaining said demurrer and the judgment entered must be reversed and the cause remanded, with direction to the court to overrule the demurrer and to permit the defendants to answer. Costs are awarded to the appellants.

Budge and Morgan, JJ., concur.