·(April 27, 1917.)

HARVEY S. GREEN and E. A. SMITH, Respondents, v. CONSOLIDATED WAGON & MACHINE COMPANY, a Corporation, and H. C. VANAUSDELN, Sheriff of Twin Falls County, Idaho, Appellants.

[164 Pac. 1016.]

INJUNCTION—CONTRACT—CROP MORTGAGE—ASSUMPTION OF MORTGAGE DEBT—ASSIGNMENT OF WAGES—CREDITOR BENEFICIARY.

1.   Evidence examined and *held* sufficient under a written contract to sustain the findings of the trial court to the effect that the respondents did not assume and agree to pay the indebtedness secured by mortgage of appellant, Consolidated Wagon & Machine Co.

2.   The lien of a chattel mortgage executed upon a crop to be grown upon leased premises does not attach to a crop subsequently planted thereon by another than the lessee.

3.   Parol testimony is incompetent to vary the terms of a written contract, but may be admitted to explain a latent ambiguity.

4.   Where one enters into a contract to labor with the understanding that the proceeds of said labor shall be paid *pro rata* to creditors, a subsequent assignment of the wages earned, without the consent of the said creditors, is invalid in that there is nothing owing under said contract upon which the assignment could operate.

[As to chattel mortgage on growing crops and whether the lien continues after severance, see note in 18 **Am. St.** 770.]

APPEAL from the District Court of the Fourth Judicial District, for Twin Falls County. Hon. C. O. Stockslager, District Judge.

Action for injunction. From a judgment for the plaintiffs, defendants appeal. *Affirmed.*

J. H. Wise, for Appellants.

It is our contention under sec. 3406, Rev. Codes, relating to chattel mortgages, that Corum caused the crops in dispute to be sown, and retained an interest therein, to the amount of the mortgage of appellant. (*Collins v. Brown,* 19 Ida. 360, 114 Pac. 671; *Eckles v. Ray,* 13 Okl. 541, 75 Pac. 286; *Reeves & Co. v. Sheets,* 16 Okl. 342, 82 Pac. 487.)

Sweeley & Sweeley, for Respondents.

Where a lessee, who had given a mortgage upon crops to be planted in the future, terminates his lease before said crops are planted, no lien of the mortgage attaches to crops planted on the land by other persons. (*Gammon v. Buel,* 86 Iowa, 754, 53 N. W. 340.)

RICE, J.—This action was brought by the respondents herein to obtain an injunction against the appellants, restraining them from proceeding with the foreclosure of a chattel mortgage given upon crops to be grown during the year 1913 upon certain land described in the complaint. The appellant, Consolidated Wagon & Machine Co., answered denying the material allegations of the complaint, and by way of cross-complaint set up their note and mortgage, and nonpayment of the same, and asked for a foreclosure thereof. They also asked for a judgment against respondents for the amount represented by their note.

On Nov. 24, 1911, the respondents leased certain land to one T. L. Corum for a term of four years. Under the terms of the said lease, Corum was to receive two-thirds of the crops raised on the said premises during the term

of the lease. On Dec. 9, 1912, Corum and his wife executed a chattel mortgage to appellant, Consolidated Wagon & Machine Co., covering all crops then growing or to be grown during the year 1913 upon the land included within the lease, to secure the payment of a note for $878.10. The mortgage was filed for record in the office of the recorder of Twin Falls county. On April 12, 1913, Corum and respondents, by an instrument in writing, released each other from their mutual obligations under the terms of said lease. Thereupon, on the same day, Corum and respondents entered into a written contract, whereby Corum for the consideration therein named agreed to cultivate, seed and corrugate the lands which had been included within the lease, being the same lands mentioned in the chattel mortgage. According to the terms of the contract between Corum and respondents, Corum was to receive only as much of the money to be earned thereunder as was necessary to pay his expenses while he was thus engaged. The balance of the money after completion of the contract was to be disposed of according to the following paragraph contained in the said contract: "That when said work is completed and said moneys shall become thereby due, the party of the first part shall pay the same to the creditors of the said second party *pro rata,* except that a certain chattel mortgage covering a crop owned by said party of the first part, and now planted, shall be caused to be released, and so much money as may be necessary therefor shall be first used to that purpose."

At the time of the giving of the chattel mortgage and the execution of the release and the contract last mentioned, only eighty acres of the said premises had been planted. The respondents excepted this eighty acres in their complaint, and did not ask for an injunction against the foreclosure of the chattel mortgage upon the crop thus planted.

After the execution of the release, Corum, under the contract between himself and respondents, had no interest in the crops, but occupied the position of an employee. Under sec. 3406, Rev. Codes, the lien of the mortgage given by Corum to appellant, Consolidated Wagon & Machine Co.,

did not attach to the crops sown by the respondents upon the lands described in the mortgage or any interest therein. The injunction was therefore properly granted.

Appellants, however, assign as error the action of the court in holding that the respondents did not assume and agree to pay the mortgage made and executed by Corum and wife upon Dec. 9, 1912, and in not giving the answering appellant a judgment for the amount of the note secured thereby. Appellants base their contention upon the paragraph of the contract of employment above quoted. The paragraph referred to appears to be somewhat ambiguous. Upon its face the court would not be justified in holding that the respondents had assumed and agreed to pay Corum's note. Appellants attempted to show by oral testimony of certain witnesses that the respondents did assume and agree to pay this note. We think the written paragraph contains the contract between the parties, and that the oral testimony of witnesses is incompetent for the purpose of proving the contract between the parties, or for any purpose other than explaining the ambiguity of the written contract. With reference to the oral testimony, it must be said that it fails to show that it was the intention of the parties that the respondents should assume the payment of Corum's note. The contract was not to pay Corum's debt to appellant, Consolidated Wagon & Machine Co., but only to cause the release of the chattel mortgage on the crop then planted; and for that purpose the respondents might use as much money as would be necessary.

The trial court did not err in finding that the respondents did not at any time assume or agree to pay the mortgage of the said Corum, nor in failing to give judgment against the respondents for the amount thereof.

It appears that on July 5, 1915, Corum assigned to appellant company the sum of $906 earned by him upon his contract of employment. Appellants contend that by virtue of this assignment the company is entitled to judgment for said amount. By the terms of the contract itself, Corum had already entered into an agreement as to the manner

in which the amount earned by him was to be disbursed, and for that reason was unable, without the consent of the other parties interested, to make an assignment thereof in a manner contrary to the provisions of the contract.

Finding no error in the record, the judgment of the district court is affirmed. Costs awarded to respondents.

Budge, C. J., and Morgan, J., concur.