RYCKMAN v. COOPER.

1. SPECIFIC PERFORMANCE—CANCELLATION OF INSTRUMENTS—GERMANE SUBJECT MATTER.

In suit by sisters of defendant to cancel a warranty deed of a farm to him, executed by their parents, placed by them in escrow, and subsequently delivered to son upon performance of conditions imposed, in which suit defendant filed a cross bill for specific performance of parents' agreement to let him have the farm and personalty if he remained at home and cared for them during their lifetime, plaintiffs' motion to dismiss cross bill and have defendant present his claim in probate court *held*, properly denied.

2. SAME—EVIDENCE—AGREEMENT TO LEAVE FARM AND PERSONALTY.

Under evidence showing that parents gave their farm and personal property to their son if he would remain at home and care for them as long as they lived and that son made full performance, he is entitled to decree for specific performance of the parents' agreement.

3. WILLS—CONTRACT TO CARE FOR PARENTS—SPECIFIC PERFORMANCE.

Contract whereby parents agreed to give farm and personal property to son if he would remain at home and care for them as long as they lived was not testamentary and a court of equity could decree specific performance thereof.

4. DEEDS—ESCROW—DELIVERY—PERFORMANCE OF CONDITIONS—TITLE.

After son's performance of previous valid agreement to remain at home and care for his aged parents in return for farm and all personalty thereon and his performance of conditions prescribed in escrow agreement, parents' deed of farm and escrow agent's delivery thereof to son were valid and title related back to date of execution.

5. SAME—WILLS—PERFORMANCE OF CONDITIONS OF ESCROW AGREEMENT.

Fact that terms of escrow provided for performance of a condition by the grantee by requiring him to make a payment of a

sum of money to certain persons did not render deed of farm
by aged parents to son, given pursuant to their agreement to
give farm and all personalty thereon to him for his agreement
to remain on farm and take care of them for the remainder
of their lifetime, testamentary nor subject to recall.

6. ESCROW—DEATH OF ESCROW AGENT—DELIVERY BY A SUCCESSOR
   AGENT.
      Death of escrow agent who held deed did not prevent subsequent
      delivery of deed by one to whom a surviving grantor entrusted
      that act where record shows aged parents intended to place
      deed beyond recall and only put off delivery to grantee to
      safeguard consideration in his agreement to give sisters a
      specified sum, give parents a stated annuity, and remain on the
      premises and care for them.

Appeal from Lapeer; Cramton (Louis C.), J. Submitted October 4, 1939. (Docket No. 31, Calendar No. 40,605.) Decided December 20, 1939. Rehearing denied February 14, 1940.

Bill by Martha Ryckman and others against Joseph E. Cooper and others to set aside a deed delivered under the terms of an escrow agreement and for other relief. Cross bill by defendant Joseph E. Cooper against plaintiffs, other defendants, and Omar Potter, administrator of the estate of Alice Cooper, for specific performance of an agreement to convey property. From decree rendered, plaintiffs appeal. Affirmed.

*Herbert W. Smith,* for plaintiffs.

*George W. DesJardins* (*Robert Taylor,* of counsel), for defendant Joseph E. Cooper.

WIEST, J. The bill in this case was filed by six sisters of defendant Joseph E. Cooper to obtain cancellation of a warranty deed to a 280-acre farm, executed by their father and mother to him on Feb-

ruary 8, 1926, alleging that the deed was placed in escrow and there was no delivery passing title. Joseph E. Cooper, herein styled defendant, filed an answer to the bill and, by cross bill, asked for affirmative relief by way of specific performance of an agreement with his father and mother that he was to have the farm and all personal property thereon if he remained at home and cared for them during their lifetime. Both parents are dead and defendants Robert F. Cooper and William Cooper, brothers of the parties herein, disclaimed any interest in the litigation.

Plaintiffs moved to dismiss the cross bill, claiming that the relief therein sought bore no relation to the subject matter of their bill and if defendant has any claim it should be presented in the probate court in the matter of the estates of his father and mother, now in the course of administration. The motion was denied, and properly so, and, upon the hearing of the issues presented by the pleadings, the court decreed that defendant had title to the farm and personal property thereon. Plaintiffs appealed.

The record shows the following facts: The father and mother raised a family of six girls and three boys, all of whom, except Joseph E., had left home and been provided for, and they wanted Joseph E. to remain at home and care for them, and agreed with him that if he did so live and care for them as long as they lived he should have the farm and personal property thereon at their death. Joseph E. was unmarried, and remained on the farm caring for his parents to their entire satisfaction. This arrangement ran along until February 8, 1926, when the parents, accompanied by James Cargill, brother of Mrs. Cooper, went to the office of an attorney and there a short form warranty deed, conveying the farm to Joseph E. Cooper, was executed by Mr. and

Mrs. Cooper and placed in an envelope and handed to Mrs. Cooper's brother to hold in escrow under the following writing signed by Mr. and Mrs. Cooper:

"To James Cargill,
  "North Branch, Michigan.

"We, Joseph Cooper and Alice Cooper, his wife, do hereby deliver to you IN ESCROW, the within deed this day made and executed by us and conveying to our son, Joseph E. Cooper, certain lands in Lapeer county, with instructions that you deliver the said deed to Joseph E. Cooper, upon the happening and the performing of certain events and conditions as follows:

"1st, that the said deed shall be delivered to him after the death of the survivor of us and not before.

"2d, and not then unless the said Joseph E. Cooper shall pay to us during the rest of the natural life of both of us an annual annuity of the sum of $100 each and every year, to be paid on or before the 1st day of April, A. D. 1927, and annually thereafter on or before April 1st of each year during the life of the survivor of us, and also pay his six sisters $500 payable at our death.

"3d, the said Joseph E. Cooper shall satisfy you by receipts, or other sufficient and good proof, that all of the foregoing conditions have been complied with, and that the events in the foregoing have actually happened; then upon such proofs after the death of the survivor of us, you shall deliver to said Joseph E. Cooper, our son, the within deed. And Joseph E. Cooper is to take care of his parents and take the personal property after our death.

"Dated February 8, 1926.

> "Jos. Cooper
> "Alice Cooper."

Joseph E. Cooper performed the conditions. On April 9, 1927, Joseph Cooper, the father, made his will in which he gave to his wife and son Joseph E. Cooper all his personal property, and stated:

"My other children, to-wit: Mary Benedict, William H. Cooper, Grace Butler, Robert F. Cooper, Mildred Howard, Martha Ryckman, Mabel Cooper and Emily Cooper, I am leaving nothing in this my last will and testament for the reason I have otherwise provided for them, and I do not wish them to share in the personal property that I may be possessed of at the time of my death."

Joseph Cooper, the father, died January 10, 1934, at the age of about 92 years, and the will was admitted to probate in March, 1934. The will mentioned no real estate for the reason that testator had executed deeds thereof to his sons.

Mr. Cargill held the deed in escrow until his death. After his death Mrs. Cooper, mother of the parties, took the deed and the mentioned escrow instructions to the attorney who had prepared them, and asked him to hold the deed until her death, as they had originally left them with Mr. Cargill. Mrs. Cooper then informed the attorney that Joseph E. Cooper had stayed at home and when he suggested to her that some property would probably come to her and she had better make a will, she said "There is nothing to will. * * * Joe had stayed at home and there was nothing left for her to will." The attorney acceded to the request relative to the escrow and, after the death of the mother of the parties, on January 8, 1938, upon being satisfied that the conditions of the escrow had been fully performed, delivered the deed to defendant, and received and dispensed the $500 Joseph E. was required to pay for the benefit of his sisters.

During the lifetime of the father when the assessing officer appeared at the farm he was directed by the father to see Joseph E. because he was the owner, and the farm was so assessed and defendant has paid the taxes.

At the time of the original agreement with Joseph E. under which he remained at home and took care of his parents, he was a minor, but after he reached his majority the agreement was ratified by the parties thereto and carried to effect by execution of the mentioned deed.

Under the evidence the father and mother had agreed to give the farm and personal property to their son Joseph E. upon performance by him of the mentioned services for them, and the son made full performance and is entitled to a decree for specific performance. *Lamb* v. *Hinman,* 46 Mich. 112. Now shall it be held that the efforts on the part of the father and mother to perform the agreement and to place evidence of fulfillment thereof beyond quibble or question was unavailing? We think not. The contract, antedating execution of the deed, was not testamentary and the court of equity could decree specific performance thereof if title has not vested under the deed.

An examination of cases bearing upon the escrow here involved and the surrounding circumstances discloses that when the intent of grantors was, as here, to carry out a previous valid agreement, such intent, together with all acts in carrying it out and thereafter demonstrating it to be their continuing will, constitutes the deed and delivery thereof, after the death of the grantors, valid, with title to the premises relating back to the date of execution. *Meade* v. *Robinson,* 234 Mich. 322.

It is stated in 19 Am. Jur. p. 448:

"The weight of authority is in accord with the general rule that where a deed is deposited in escrow to be delivered after the grantor's death but upon performance of a condition after the death of the grantor, the grantee may after the death of the

grantor perform the condition and take the title as of the date when the deed was deposited."

See, also, *Hoagland* v. *Beckley,* 158 Mich. 565; *Cooper* v. *Cooper,* 162 Mich. 304; *Cook* v. *Sadler,* 214 Mich. 582; *Trumbull* v. *Hale,* 250 Mich. 117.

The fact that the terms of the escrow provided for delivery of the deed upon performance of the condition that $500 be paid by the grantee for the benefit of his sisters did not render the deed testamentary in character nor subject to recall. *Cook* v. *Sadler, supra.* See, also, *Reed* v. *Brown,* 184 Mich. 515; *Lapham* v. *Lapham,* 239 Mich. 237.

Death of Mr. Cargill, who held the deed in escrow, did not prevent subsequent delivery of the deed by the one to whom the mother entrusted that act.

The father and mother intended to place this deed beyond recall and only put off delivery thereof to the grantee in order to safeguard that part of the consideration represented by the contract with the grantor heretofore mentioned.

We find valid delivery of the deed, and this renders it unnecessary to grant the same relief by way of specific performance.

The decree is affirmed, with costs to the defendant Joseph E. Cooper.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.