[Civ. No. 13281.   Second Dist., Div. Two.   Mar. 16, 1942.]

THE STEELDUCT COMPANY (a Corporation), Appellant,
v. HENGER-SELTZER COMPANY (a Corporation)
et al., Respondents.

Evans, Pearce & Campbell for Appellant.

Derthick, Cusack & Ganahl for Respondents.

HANSON, J. pro tem.—This is a controversy between a manufacturer of steel conduits and tubings and its agents who had exclusive right to sell the product in Southern California and Arizona. The primary question is whether the agents had a right to cancel the contract, which was made for a definite period, and if not, what are the rights and remedies of the manufacturer.

In the court below the manufacturer, conceiving that it was entitled to an injunction, an accounting and damages, instituted its suit in equity. On the hearing the trial court interpreted the contract between the parties as permitting either to cancel it on ten days' written notice, and, as the agents had given such notice, concluded that there was no basis for either an accounting or damages, nor for an injunction because of alleged inequitable acts. From the judgment entered against it the manufacturer has appealed.

The original written contract entered into between the parties on September 1, 1928, provided that either party thereto might cancel the contract on ten days' written notice to the other. In March, 1938, respondents by letter urged that a new contract be made, as their investment in the agency was heavy and they might find themselves ''out on a limb'' if in due course there was a change in the officer personnel of appellant. A few days later respondents submitted a letter contract addressed to themselves for signature by appellant, stating that it, or something substantially similar, would meet their views. This letter contract was signed by appellant and forwarded to respondents, who endorsed their acceptance thereon. It reads as follows:

"Youngstown, Ohio,
"May 31, 1938.

''J. H. Collier,
  "President & Treasurer,
"Henger-Seltzer Company,
"Los Angeles, Calif.

"Gentlemen

"This is to confirm our agreement appointing the Henger-Seltzer Company as our exclusive agents for Southern California for a period of five years on such lines of our manufacture as they have been regularly handling heretofore.

"It is understood that they will, throughout this period, maintain an organization sufficient to adequately represent us

in that market and that they will handle no lines conflicting with our own.

"The basis of remuneration will be the same as is now in effect, or as may be mutually agreed upon from time to time.

"The purpose of this agreement is to continue the mutually satisfactory relationship we have had with each other for some years with an understanding for a definite period of time which we hope may be further extended at the end of this period.

"Yours very truly,

"The Steelduct Company,

"J. C. Collier,

President."

Respondents on March 10, 1939, having been appointed agents for another competing manufacturer, gave written notice to appellant that they were terminating the agreement. Appellant by wire refused to accept the cancellation and advised respondents it would expect them to maintain their contract. Respondents' position here is that they were entitled to cancel on ten days written notice, as the ten-day provision in the original contract was not superseded by the letter contract of May 31, 1938. We see no merit in the contention.

It is abundantly clear from the letter of respondents, which induced appellant to execute the letter contract, that respondents desired a definite term contract without a right of cancellation. A contract that was to endure for a term of five years with a right of cancellation on ten days written notice, with or without cause, would have left them "out on a limb", exactly as they felt they were by the terms of the contract of September 1, 1928. The letter contract did not in terms adopt or reject the provisions of the earlier contract, but it is plain from the language used that the terms thereof were to govern, except the provision for cancellation, which we think was impliedly eliminated. The respondents were responsible for the terms of the letter contract, and so all ambiguities therein are to be resolved against them. The court's finding that the contract was validly terminated ten days after the notice was given is not sustained by the record.

Respondents' further contention that they had just cause for cancellation is plainly an afterthought. Such cause, if any, was not made the basis for cancellation. Moreover, the evidence does not sustain the contention and there is no finding on it.

Appellant contends that the court committed further error in that (1) it did not direct an accounting and (2) in denying an injunction. It is obvious that the trial court could not award an accounting in view of its finding that the contract had been validly terminated. That the trial court did not purport to adjudicate on that issue is fully borne out by the findings. Moreover, it seems evident from the record that the trial court disposed of the claim for injunction on exactly the same basis. What the trial court might have found in respect to these issues, if it had concluded there was no right to cancellation, we have no means of knowing. Hence we leave the matter open.

Without pronouncing definitely on the matter, it appears to us that on this record appellant has misconceived its remedy. It would seem, as indicated in *Long Beach Drug Co.* v. *United Drug Co.*, 13 Cal. (2d) 158 [88 Pac. (2d) 698, 89 Pac. (2d) 386], that its remedy is at law and not in equity. As that case is a sufficient guide for the parties we see no need to expand upon it.

Judgment reversed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied April 8, 1942, and respondents' petition for a hearing by the Supreme Court was denied May 14, 1942.