(No. 6990.  May 4, 1942.)

D. A. STONE, doing business under the firm style name of D. A. STONE REALTY COMPANY, Appellant, v. JAMES BRADSHAW, ROY BRADSHAW and LERAY BRADSHAW, Respondents.

[128 Pac. (2d) 844.]

On Rehearing September 17, 1942

A. A. Merrill and L. H. Merrill for appellant.

J. H. Andersen for respondents.

BUDGE, J.—On August 21, 1941, appellant filed in the District Court in and for Custer County an amended complaint in which he sought to recover from respondents as and for a commission for the sale of certain real and personal property described in a certain option and a letter on the back thereof, the sum of $1750 together with interest. To the complaint respondents filed a special and general demurrer. The trial court sustained the general demurrer. Appellant refused to plead further, and the court entered a judgment dismissing the action, from which judgment this appeal is prosecuted.

The written option, inter alia, provides as follows:

"In consideration of $1.00 in hand paid, we James Bradshaw and Roy Bradshaw of Custer County, Idaho do hereby give D. A. Stone, the exclusive right for the period of twenty days to sell the ranch properties described as follows: [Then follows a description of the real and personal property.] All for the sum of Thirty five thousand dollars ($35,000.00). Above real and personal property to be free and clear of all liens, and taxes for and through 1939. Forest rights included in this sale. Made and executed this 7th day of December, 1939."

James Bradshaw
Roy Bradshaw"

On the back of the written option there is a letter signed by James Bradshaw bearing date, December 7, 1939, the date of the option. The option and the letter were mailed to and received by appellant.

From the allegation in the complaint it appears that the real and personal property were owned by three brothers, James, Roy and LeRay Bradshaw. It is further alleged that James and Roy Bradshaw signed the option as the duly authorized agents of LeRay Bradshaw, and that James Bradshaw signed the letter as the duly authorized agent of Roy and LeRay Bradshaw.

It will not be necessary to set out in haec verba the letter but only such portions of it as are deemed material, which are as follows:

"I am mailing you this copy to give you the right to sell

this layout the next 20 or 25 days which is a good buy fore somebody I really do think. * * * * *I do not think the price is tuff. 35000 your com. 5 per sent.* (Italics ours.)

■ The first question for determination is whether or not the option and letter constitute the entire written contract entered into by the parties. Keeping in mind that the option and letter were written upon one and the same paper and not separately, and at the same time, under the authorities hereinafter cited we are constrained to hold that the option and letter constitute the entire contract between the parties thereto and should be so construed.

It will be observed that the contract is a unilateral contract. In 17 C. J. S., p. 716, sec. 298, the following rule is stated:

"* * * where a unilateral contract fails to express the agreement between the parties, and an agreement is made on the same paper, either on the face of it or indorsed on the back of it and delivered as a part of the contract, the whole agreement constitutes a full contract, and the memorandum is as much a part of it as if written in the body of it." (*Alden v. Camden Anchor-Rockland Mach. Co.*, 78 A. 977, 107 Me. 508.)

■ Thus a memorandum on a written contract qualifying or restraining its operation, or indorsed thereon contemporaneously with the execution of the instrument, forms a part of the contract and binds the parties to the same extent as if it had been embodied in the instrument. An indorsement upon an instrument before its execution may be treated as an explanation in writing of the intent of the parties. (12 Am. Jur., p. 780, sec. 245.)

"* * * the general rule is that in the absence of anything to indicate a contrary intention, instruments executed at the same time, by the same parties, for the same purpose, and in course of the same transaction, are, in the eye of the law, one instrument, and will be read and construed together as if they were as much one in form as they are in substance." (6. R. C. L., p. 851, sec. 240; Permanent Supplement, 3 R. C. L., p. 1840, sec. 240.)

Where several writings constitute one contract for the purchase of a mining claim it has been held that they must be construed together. (*Hunt v. Capital State Bank*, 12 Idaho 588, 87 Pac. 1129.)

"* * * several instruments made at one and the same

time, and having relation to the same subject matter, must be taken to·be parts of one transaction, and construed together for the purpose of showing the true contract between the parties." (*First Nat. Bank v. Reins,* 42 Idaho 720, 248 Pac. 9.)

I. C. A., sec. 16-508, provides: ·

"No contract for the payment of any sum of money or thing of value, as and for a commission or reward for the finding or procuring by one person of a purchaser of real estate of another shall be valid unless the same shall be in writing, signed by the owner of such real estate, or his legal, appointed and duly qualified representative."

Under the foregoing statute no commission can be collected for the finding or procuring by one person of a purchaser of real estate of another unless the payment of such commission shall be provided for in writing, signed by the owner of such real estate or his legal, appointed and duly qualified representative. (*Weatherhead v. Cooney,* 32 Idaho 127, 180 Pac. 760; *Laker Land & Loans v. Nye,* 40 Idaho 793, 237 Pac. 630; *Brace v. Johnson,* 45 Idaho 327, 262 Pac. 148.)

It is alleged in the complaint and for the purposes of the demurrer must be taken as true, that the contract in question was signed by the owners of the real and personal property or their legal, appointed and duly qualified representative.

A complaint based on contract is generally held to be sufficient if it states the making of the contract, the obligations thereby assumed and the breach. The contract in such case contains the primary right of the plaintiff. In the obligation assumed by the defendant is found his duty and his failure to comply with the duty constitutes the breach. When these statements are supplemented with a statement of the amount claimed and a prayer for the judgment, the complaint is complete, and is not one which may be subject to a general demurrer.

"* * * under the provisions of sec. 4168 of the Revised Statutes [now I. C. A., sec. 5-605], the complaint in each and every case besides the title of action, etc., is only required to contain a statement of the facts constituting the cause of action in ordinary and concise language and demand for relief." (*Coleman v. Jaggers,* 12 Idaho 125, 85 Pac. 894.)

It was held in *Rauh v. Oliver,* 10 Idaho 3, 77 Pac. 20, that:

"Under the provisions of our Code, the technicalities of pleading have been dispensed with and the plaintiff need only state his cause of action in ordinary and concise language, whether it be in assumpsit, trespass, or ejectment, without regard to the ancient forms of pleading, and the plaintiff can be sent out of court only when upon his facts he is entitled to no relief either at law or in equity." (See also *Bates v. Capital State Bank,* 21 Idaho 141, 121 Pac. 561; *Poncia v. Eagle,* 28 Idaho 60, 152 Pac. 208; *Carrol v. Hartford Fire Ins. Co.,* 28 Idaho 466, 154 Pac. 985.)

In *McCormick v. Smith,* 23 Idaho 487, 130 Pac. 999, it is held that every reasonable intendment will be made to sustain a pleading.

Under the rule announced by this court in *Ries v. Pacific Fruit & Produce Co.,* 50 Idaho 140, 294 Pac. 336:

"'* * * the contract should be construed most strongly against the party preparing it or employing the words concerning which doubt arises. (13 C. J., p. 545, sec. 516; *Hauter v. Coeur d'Alene etc. Min. Co.,* 39 Ida. 621, 228 Pac. 259.) Another well-established principle is that, when there is a doubt as to the meaning of the words of a contract, a party will be held to that meaning which he knew the other party supposed the words to bear. (*Penn Star Min. Co. v. Lyman,* 64 Utah 343, 231 Pac. 107, and cases cited.)'" See also *Steelduct Co. v. Henger-Seltzer Co.,* ........ Cal. ........, 123 Pac. 2d 100.

If we understand respondents' contention correctly it is that even though the contract and letter be construed together as constituting one entire contract, nevertheless, the complaint fails to state facts sufficient to entitle appellant to recover, in that the complaint fails to allege that respondents entered into a written contract for the payment of any sum of money as and for a commission to appellant for the sale of the real and personal property described in the option and letter or for finding or procuring a purchaser. Or in other words, that the contract is insufficient for the reason that it fails to comply with I. C. A., sec. 16-508, and is therefore invalid; that the language in the letter "I do not think the price is tuff. 35000 your com. 5 per sent" can not logically be construed to mean as contended by appellant that respondents contracted to pay to appellant five per cent commission on the $35,000, the

purchase price received by respondents for the sale of the real and personal property. Respondents argue that the word "plus" should be added to the language used in the letter to make it read "I do not think the price is tuff. 35000 [plus] your com. 5 per sent." While upon the other hand, appellant argues that the words "less" should be added and the letter should read "I do not think the price is tuff. 35000 [less] your com. 5 per sent."

It will be remembered that the contract involved here was prepared, and transmitted to appellant, by respondents; that words were used in the contract concerning which doubt has arisen, and which are ambiguous and uncertain. In such circumstances the contract should be construed most strongly against the party preparing it or employing the words concerning which doubt arises. (*Ries v. Pacific Fruit & Produce Co.,* supra.) The rule would seem to be well established that when language used in a contract (and this is particularly true in a unilateral contract) is obscure, uncertain or ambiguous, extrinsic evidence may not be introduced to affect, add to or make over the written instrument, but is admissible to show the true intention of the parties.

As was said in *Green v. Consolidated Wagon, Etc., Co.,* 30 Idaho 359, 164 Pac. 1016:

"We think the written paragraph contains the contract between the parties, and that the oral testimony of witnesses is incompetent for the purpose of proving the contract between the parties, or for any purpose other than *explaining the ambiguity* of the written contract." [Italics ours.]

In *Barnett v. Hagan,* 18 Idaho 104, 108 Pac. 743, it is held that oral evidence may be introduced to show what was meant by the use of certain words contained in a contract in order to explain what was meant by the language used. (To same effect see *Johanson v. Looney,* 30 Idaho 123, 163 Pac. 303; *Ryland v. Oregon Agr. Co.,* 111 Oregon 212, 225 Pac. 728.) I. C. A., sec. 5-801, provides "In the construction of a pleading for the purpose of determining its effect, its allegations must be liberally construed with a view to substantial justice between the parties."

Testimony thus introduced merely defines or translates the language of the instrument. It does not vary or add to the terms of the writing and does not fall within the parol evidence rule. The testimony is admitted for the

purpose of ascertaining not only the meaning of the words used, but the intention of the parties as expressed in the writing. Here we are confronted with a dispute between the parties as to the meaning of certain language used in the contract. Conceding, but not admitting, that the words used are ambiguous and uncertain, and that different minds might well reach different conclusions as to their meaning, in such a situation evidence may be received to ascertain the real intention of the parties. (Jones on Evidence, Vol. 2, 4th ed., sec. 455.)

We cannot say, after reading into the complaint every reasonable intendment or after admitting all the facts alleged and well plead, that no cause of action is stated. All that is necessary to sustain the pleading is that a cause of action can be reasonably inferred from the averments of the pleadings, and that the facts alleged entitle appellant to relief. We have concluded that the complaint states facts sufficient to withstand the assault of a general demurrer, and that the trial court erred in sustaining respondents' demurrer. The cause is reversed and remanded with leave to respondents to file their answer. Costs to appellant.

Givens, C. J., Morgan, and Ailshie, JJ., concur.

Holden, J., dissents.

## On Rehearing September 17, 1942

BUDGE, J.—In the above entitled cause, a petition for rehearing was filed on May 13, 1942. On May 18, 1942, the petition was granted. The cause was reargued on September 1, 1942, at the regular fall term of court sitting at Pocatello.

After a careful re-examination of the issues involved in the above cause, we have concluded to adhere to the view expressed in the opinion heretofore filed.

Chief Justice Givens and Justice Ailshie have authorized me to concur them in the above statement.

Justices Morgan and Holden have authorized me to state that they and each of them are not in accord with the views expressed in the original opinion, and dissent.