354 P.2d 747

C. L. WILLIAMS, Administrator of the
Estate of Parley Williams, deceased,
Plaintiff-Appellant,

v.

J. Marsden WILLIAMS and Phyllis Wil-
liams, husband and wife, Boyd E. Wil-
liams and Darlene R. Williams, husband
and wife, Dean Williams and Arva Wil-
liams, husband and wife, Max Williams
and Betty Jean Williams, husband and
wife, and Vera M. Williams, Defendants-
Respondents.

No. 8843.

Supreme Court of Idaho.

Aug. 4, 1960.

Dean Williams, Furchner & Stufflebeam, Blackfoot, for respondents.

Anderson & Beebe, Blackfoot, for appellant.

McFADDEN, Justice.

Plaintiff (appellant herein), in the first cause of action of his complaint alleges that he is the administrator of the estate of Parley Williams, deceased, who died intestate September 14, 1955; that on June 12, 1950 the decedent, a bachelor, executed a "Deed of Gift" to real property in Bingham County, Idaho, to all the defendants (respondents herein), except Vera M. Williams, as grantees; a copy of the deed is attached to the complaint. That Vera M. Williams is a grantee of an interest in the property from J. Marsden Williams; that at the time of the execution of the deed, decedent deposited the deed with John W. Jones, who is also deceased, and at the same time deposited the following written instructions, to wit:

"Blackfoot, Idaho
"June 12th, 1950

"To John W. Jones,

"Blackfoot, Idaho

"I am depositing with you in escrow the enclosed gift deed to be held by you for me upon the condition that the grantees named in said deed shall as heretofore maintain and support me and provide me with the necessary funds to take care of my needs so long as I may live and to provide for me in case of illness and shall pay all expenses of my last illness and funeral expenses, and, in this event, upon my death you are to deliver the deed to the grantees named in the deed.

"I acknowledge that the house, barn and garage and chicken-coop situated on lot 3 as described in the deed are the property of J. Marsden Williams, one of the grantees in the deed.

"/s/ Parley Williams"

The complaint further alleges fee simple ownership of the property by decedent up to and at the time of his death; that on November 5, 1953, he conveyed a portion of the premises involved herein for State of Idaho Highway right-of-way purposes; that on October 12, 1955 John W. Jones allowed respondent Vera M. Williams, individually, and as the agent of other respondents, to take possession of the deed, which on the same date was recorded in Bingham County. The complaint further alleges that there was no delivery of the alleged gift deed and that the deed is invalid.

The second cause of action is to quiet title in the appellant, and the third cause of action is for wrongful detention of the property and for reasonable rental value. The prayer for relief is for cancellation of the deed, quieting title to the premises in

the appellant and for reasonable rental value of the property.

To this complaint the respondents filed a general demurrer to all three causes of action, and a special demurrer to the first cause of action. The trial court sustained the general demurrer to all three causes of action, without leave to amend, and judgment was entered accordingly, from which this appeal was taken.

Appellant challenges the court's ruling in sustaining the general demurrer, in dismissing the action, and dismissing the action without granting leave to amend, contending that there was no delivery of the deed whatsoever. His contention is that there is no wording in the instructions that suggests or compels an inference that decedent Williams intended the deposit of the deed to be irrevocable, or that he intended to divest himself of the property, but on the contrary, he deposited the deed "* * * to be held by you for me * * *"; and contends that the deed is totally and wholly invalid by reason that there was no delivery of the deed.

On the other hand respondents' contention is that the instructions import both a past and future agreement between the grantor and the grantees for the support and care and for payment of expenses of last illness and funeral expenses of the grantor, and that it was incumbent upon the appellant to have pleaded a failure of performance, as the complaint itself shows an actual delivery of the deed to the depository with instructions for future delivery to the grantees. Respondents' position in regard to the allegation that Parley Williams had subsequently conveyed a portion of the premises for State of Idaho right-of-way, is that such conveyance does not show an intent to retain control over the document, but at most is merely a conveyance of his record title and retained life estate, and further that when the intention is established at the time of delivery, a change of mind on the part of the grantor will not be given effect.

The only question to be answered is whether or not the complaint shows a valid delivery of the deed.

In Crenshaw v. Crenshaw, 68 Idaho 470, 199 P.2d 264, we held that before a deed can operate as a valid transfer of title, there must be a delivery of the instrument, and it must be effected during the life of the grantor. See also, Glander v. Glander, 72 Idaho 195, 239 P.2d 254. In order to constitute a sufficient delivery of a deed, the grantor must part with control over it and not retain a right to reclaim it. Gonzaga University v. Masini, 42 Idaho 660, 249 P. 93. Numerous Idaho decisions hold the intention of the grantor to be an essential and controlling element in determining whether the deed was in fact "delivered". Glander v. Glander, supra; Cell

v. Drake, 61 Idaho 299, 100 P.2d 949; Johnson v. Brown, 65 Idaho 359, 144 P.2d 198; Bowers v. Cottrell, 15 Idaho 221, 96 P. 936; Flynn v. Flynn, 17 Idaho 147, 104 P. 1030; Gonzaga University v. Masini, supra. It is to be noted, however, all these last cited cases were heard on the evidence and not on demurrer.

Here, since the sufficiency of the complaint is being challenged by a general demurrer, all well pleaded allegations of the complaint, together with all reasonable inferences that can be drawn therefrom must be taken as true. Fond v. McCreery, 55 Idaho 144, 39 P.2d 766; Boise Payette Lumber Co. v. Idaho Gold Dredging Corp., 56 Idaho 660, 58 P.2d 786, certiorari denied 299 U.S. 577, 57 S.Ct. 40, 81 L.Ed. 425; Stone v. Bradshaw, 64 Idaho 152, 128 P.2d 844.

Under the Idaho Rules of Civil Procedure a motion to dismiss the complaint because of a failure to state a claim upon which relief can be granted [Rule 12(b)(6), I.R.C.P.], admits the facts alleged in the complaint, but challenges the plaintiff's right to relief. Davis v. Turner, 5 Cir., 197 F.2d 847; Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302; Idaho Maryland Mines Corp. v. United States, 104 F.Supp. 576, 122 Ct.Cl. 670.

Therefore, regardless of which rules of civil procedure are applied to this action, the court, in ruling upon the sufficiency of the complaint must construe the same in the light most favorable to appellant.

Respondents claim the applicable rule to be that a deed executed by a grantor and placed in the hands of a third person with instructions to deliver it to the grantee upon the death of the grantor, provided that the grantee make certain payments to the grantor during the grantor's lifetime, and make certain payments to others after the death of the grantor, is a valid transaction *in praesenti* and is not testamentary; and that the delivery of the deed to the grantee relates back to the deposit in escrow, citing Ryckman v. Cooper, 291 Mich. 556, 289 N.W. 252; Bradley v. Bradley, 185 Iowa 1272, 171 N.W. 729; Nolan v. Otney, 75 Kan. 311, 89 P. 690; Latimer v. Latimer, 174 Ill. 418, 51 N.E. 548; Jackson v. Jackson, 67 Or. 44, 135 P. 201; Plymale v. Keene, 76 Mont. 403, 247 P. 554. In each of these cases the deed was delivered by the grantor to an independent third person. Here, however, by the instructions submitted to Mr. Jones, the deed was deposited " * * * in escrow * * * to be held by you for me * * *", which, in effect, accepting the allegations of the complaint as true, construed most favorably for the appellant, must be considered as having constituted Mr. Jones as the agent of the grantor, even though by the terms of the in-

structions themselves an inconsistency appears as to whether Mr. Jones was acting as an escrow holder, or as grantor's agent. The allegations in the complaint setting forth the conveyance by the grantor of a portion of the premises subsequent to the deposit of the deed with Mr. Jones is indicative, as one item, that the grantor never intended to surrender complete dominion over the property or control of the deed itself. However, if there was a valid delivery of the deed initially, a subsequent conveyance by the grantor would be ineffective. Cell v. Drake, 61 Idaho 299, at page 304, 100 P.2d 949; Latimer v. Latimer, supra; Annotation 52 A.L.R. 1247.

█ The inconsistency in the use of the terms "in escrow" and "to be held by you for me" in the instructions accompanying the deed, brings to light such ambiguity, that it becomes necessary to have all facts surrounding the execution of the deed and the instructions in order to ascertain the intent of the grantor in the use of these words. Stone v. Bradshaw, 64 Idaho 152, 128 P.2d 844; Molyneux v. Twin Falls Canal Co., 54 Idaho 619, 35 P.2d 651, 94 A.L.R. 1264; Tilden v. Hubbard, 25 Idaho 677, 138 P. 1133; Wood River Power Co. v. Arkoosh, 37 Idaho 348, 215 P. 975.

█ It is fundamental that if no escrow was established, but that Mr. Jones was acting as agent for the grantor, then upon the death of the grantor, the agent's authority terminated, and the subsequent alleged delivery by Mr. Jones would not and could not be construed as requisite legal delivery. Witthoft v. Commercial Development & Investment Co., 46 Idaho 313, 268 P. 31; 2 C.J.S. Agency § 86, page 1174.

█ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80; Wackerli v. Martindale, Idaho, 353 P.2d 782.[1] Under the allegations of the complaint, it cannot be said that no claim for relief is stated. Stone v. Bradshaw, supra.

The cause is reversed with instructions to reinstate appellant's complaint. Costs to appellant.

TAYLOR, C. J., and SMITH, KNUDSON and McQUADE, JJ., concur.

1. Ante, p. 400.